## THRASHER v. STATE.

No. A-11307. May 9, 1951.

(231 P. 2d 409.)

Claude Hendon, Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Ira Belton Thrasher, has appealed from a conviction sustained in the superior court of Seminole county on a charge of driving an automobile upon the public highway while under the influence of intoxicating liquor.

The evidence disclosed that about dark on June 5, 1948, the defendant drove a Hudson automobile on Highway 99 about three and one-half miles north of Seminole at a high rate of speed. He almost struck Mrs. Douglas and Mrs. Mallon, who testified that he approached them as they were walking up the highway from one of their homes to the other, and only escaped being struck by jumping off the highway into a culvert. The evidence showed that shortly after passing these two women the defendant attempted to turn around in the highway and backed into a bar ditch, where he remained stuck for a short time; that after getting loose from the bar ditch, the defendant drove his car in a reckless manner back in the direction from which he came. The sheriff was notified and in a very few minutes he and two highway patrolmen arrested defendant on Highway 99 between Prague and Seminole, while he was still driving his automobile, but at that time he had again reversed directions and was driving towards Seminole. According to the evidence of the officers the defendant was quite intoxicated.

The defendant testified in his own behalf and denied that he was drunk on the night in question, and denied that a partially filled bottle of whisky found in his automobile belonged to him.

No requested instructions were presented to the court and there were no exceptions taken to any of the instructions which were given. The single issue presented by the appeal is whether the court committed fundamental error in failing to instruct the jury that in case of conviction of the defendant it became the mandatory duty of the Commissioner of Public Safety to revoke his driver's license for a period of one year, as provided by Tit. 47, O. S. 1941 § 295. It is the contention of defendant that the revocation of his license is a part of the punishment prescribed upon conviction in such a criminal case, and that the jury should have been advised of such matter.

Subsequent to the lodging of his appeal this court had occasion to determine the identical question here presented. In the case of Bisanar v. State, 93 Okla. Cr. 7, 223 P. 2d 795, 797, this court stated:

"The question of whether the defendant would lose his driver's license if found guilty is no part of the penalty prescribed by Tit. 47 O. S. A. § 93, and was not an issue for the jury to determine."

In Campbell v. State, 83 Okla. Cr. 108, 173 P. 2d 584, this court held that the trial court did not exceed its authority and was not inflicting additional and unauthorized punishment when it required a convicted motorist to surrender his driver's license to be forwarded by said court to the Commissioner of Public Safety.

The revocation of a driver's license is not mentioned as a part of the punishment prescribed by the statute upon conviction for the crime here involved. 47 O. S. 1941 § 93. However, it is one of the civil rights which an accused forfeits as a result of his conviction. The Legislature, in its wisdom, acting under its police power, has decreed that a person convicted of driving an automobile on the public highway while under the influence of intoxicating liquor should have his license revoked by the Commissioner of Public Safety. This forfeiture might be compared in a way to some of the civil rights forfeited by a person who served a term of imprisonment in the penitentiary upon conviction of a felony, such as his right to serve upon a jury, or to vote, etc.

The judgment and sentence of 60 days in the county jail and a fine of $100 does not appear to us to be excessive even though it is the first conviction sustained by the accused for this offense. The judgment and sentence of the superior court of Seminole county is affirmed.

BRETT, P. J., and POWELL, J., concur.