# McDANIEL v. STATE.

No. A-11346. June 27, 1951.

Rehearing Denied July 18, 1951.

(233 P. 2d 325.)

Thad L. Klutts, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

POWELL, J.    Clyde Winford McDaniel was charged in the court of common pleas of Oklahoma county with the offense of driving a motor vehicle while under the influence of intoxicating liquor, found guilty by a jury, and his punishment left to the court.   The court sentenced him to serve 30 days in the county jail, and to pay the costs.   Motion for new trial having been overruled, defendant has appealed to this court.

For reversal, defendant in his brief argues four propositions: (1) that the court erred in overruling the defendant's motion for a directed verdict; (2) that the court erred in admitting incompetent, immaterial and irrelevant evidence over the objection of the defendant; (3) that the judgment of the court is excessive and contrary to the law and the evidence; and (4) that the court erred in refusing to give instructions to the jury, as requested by the defendant.

The state used four witnesses, and the defendant testified in his own behalf, and offered two witnesses.

Claude Allen Bandy testified that the defendant, while driving alone in a black Ford pick-up truck on west Thirty-ninth street, east of Bethany in Oklahoma county, attempted to pass him, "got about half-way around me and then cut back into me, and run me off the road on the right side."   He further testified that both doors and the rear fender on the left-hand side of his car, a gray 1946 four-door Ford sedan, were dented, and that defendant did not stop, but drove on west after the collision.   This witness obtained the license number of defendant's car, and followed him on into Bethany, but did not overtake

him. He reported the incident to the chief of police, who contacted a highway patrolman, and in the patrol car they finally overtook the defendant west of Yukon, driving west. He had two other men with him, one of whom was driving the car, and the defendant was seated between the two men. The officers took the defendant in the patrol car, and went back toward Bethany. They met Mr. Bandy, and he identified the defendant as the man who had collided with him. Both officers testified to finding gray paint on the side of defendant's car at the time of the arrest.

The chief of police testified that defendant was "very intoxicated" at the time of his arrest, that he set the patrol car on fire with a cigarette, and they had trouble with him about smoking in the patrol car. The patrolman testified that defendant was intoxicated.

Back at Bethany, the officers picked up another highway patrolman, and the chief of police left the patrol car. The second patrolman testified that defendant was "very muchly under the influence of intoxicating liquor" at the time he got in the car with the first patrolman and defendant. The two patrolmen took defendant to the Oklahoma county jail, and booked him for driving while intoxicated.

Defendant testified in his own behalf, that he was a building contractor, lived in El Reno, and was building a house at Bethany. He denied that he was drunk, or had drunk anything that day except a bottle of beer with his evening meal. He admitted that there was a bottle of whisky which had been opened in his car, and that he saw gray paint on his truck, at the time he was arrested, but denied knowledge of sideswiping his car. His two witnesses were boys who also lived in El Reno, and were working for him on the job at Bethany. He had brought them over from El Reno in the morning, and picked them up at 5 o'clock that afternoon, between the time of the alleged collision and his apprehension by the officers as they were on their way home. They both testified that the defendant was not drunk, and that they had not seen him take a drink of anything intoxicating that day.

There was a sharp conflict in the evidence as to the intoxication of the defendant, and we have repeatedly held that where the evidence is conflicting, and different inferences may be drawn therefrom, it is the province of the jury to weigh the same and determine the facts, the function of this court being limited to ascertaining whether there is a basis, in the evidence, on which the jury can reasonably conclude that the accused is guilty as charged. There was sufficient evidence of the intoxication of the defendant to justify the submission of the issue to the jury, and we do not find any substantial error in the admission of evidence. Walker v. State, 89 Okla. Cr. 284, 207 P. 2d 341; Parker v. State, 91 Okla. Cr. 71, 216 P. 2d 340.

Defendant's third proposition is that the judgment is excessive and contrary to the law and the evidence. There was sufficient evidence, if believed by the jury, to warrant the conviction of the defendant. Under 47 O. S. 1941 § 93, the defendant might have been sentenced to imprisonment for a period of one year, and to pay a fine of $500, and the judgment and sentence of 30 days in the county jail does not appear to us to be excessive, even though it is the first conviction sustained by defendant for this offense.

We cannot sustain defendant's fourth proposition—that the court erred in refusing to give instructions to the jury, as requested by defendant.

Defendant did not take exceptions to any of the instructions given by the court, and the only instruction offered by the defendant was at the close of the

evidence, when counsel orally requested the court to instruct the jury that: "in addition to the above punishment, if you find the defendant guilty as charged, you may also deprive this defendant of his driver's license for a period of one year, or not."

The court properly refused to give this instruction. 47 O. S. 1941 § 295 provides:

"The Commissioner [of Public Safety] shall forthwith revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction in any court of record of any of the following offenses, when such conviction has become final.

" * * *.

"2. Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug * * *."

In the case of Bisanar v. State, 93 Okla. Cr. 7, 223 P. 2d 795, 802, this court said:

"Of course the question of whether the defendant would lose his license if found guilty is no part of the penalty prescribed by Tit. 47 O. S. A. § 93, supra, and was not an issue for the jury to determine, their function being to decide the case based upon the evidence presented, and under the court's instructions as to the law * * *."

The loss of his driver's license is one of the civil rights which an accused forfeits as a result of being convicted of the offense of driving while intoxicated. In Thrasher v. State, 94 Okla. Cr. 85, 231 P. 2d 409, 411, Judge Jones, speaking for the court, said:

"The Legislature in its wisdom, acting under its police power, has decreed that a person convicted of driving an automobile on the public highway while under the influence of intoxicating liquor should have his license revoked by the Commissioner of Public Safety. This forfeiture might be compared in a way to some of the civil rights forfeited by a person who served a term of imprisonment in the penitentiary, upon conviction of a felony, such as his right to serve upon a jury, or to vote, etc."

Finding no fundamental error, the judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

BRETT, P. J., and JONES, J., concur.