# WEBSTER v. STATE.

No. A-11528. Sept. 17, 1952.

(248 P. 2d 646.)

L. B. Clay, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error William Arthur Webster, defendant below, was charged by information in the county court of Kiowa county, Oklahoma, with the offense of driving an automobile while under the influence of intoxicating liquor on Boundary Street in Hobart, Kiowa county, Oklahoma, March 25, 1950. He was tried by a jury, convicted, his punishment fixed at a fine of $30 and imprisonment in the county jail for 21 days; judgment and sentence was entered accordingly, from which this appeal was taken.

To this charge the defendant filed his motion to suppress the evidence, which after evidence was heard thereon, was overruled by the trial court. This action

of the trial court constitutes the first ground for this appeal. The evidence hereon was in substance as follows: Ben Donaho, a deputy sheriff for Kiowa county, was riding in a highway patrol car with Archie Bird, highway patrolman. They were on their way to Cordell, Oklahoma, driving east on Boundary street when they met the defendant going west. Officer Donaho said the defendant was driving a truck, and he was all over the road, driving from one side of the center of the highway to the other side of the highway, weaving so that people behind him were afraid to pass. He remarked to Archie Bird, "there a fellow comes that is drunk". They turned around, followed and overtook him, at Broadway, pulled alongside and told him to pull over. He was still all over the street. In fact, Archie had a time getting beside him to tell him to pull over. Partolman Bird asked him to get out. When he did so, Donaho said he was staggering, and was drunk. He was arrested, and a search made of his truck, and found about a third of a pint of liquor on the floor board of the truck. Patrolman Bird's testimony was substantially the same. He said the defendant acted like a drunk man, he staggered and his speech was slurred. Officer Bird testified when the defendant was first observed he was committing the offense of driving to the left of the center of the highway, and that was the reason for stopping the defendant. He stated, and correctly so, that technically the arrest was effected when he was stopped. After he was stopped and the officers saw that he was drunk, he was formally placed under arrest. It clearly appears the officers acted in a lawful manner in stopping the defendant when they observed him violating the rules of the road. When they saw he was drunk, it was within their lawful duty to arrest him, because two offenses were then committed in their presence. The arrest being lawful, the search of the truck was lawful, and the third of a pint of whiskey was thus valid evidence in the trial of the case. It has been repeatedly held that where a person is arrested for committing an offense in their presence, the officers may search, without a search warrant, his person and immediate surroundings for property constituting the offense. Stout v. State, 90 Okla. Cr. 360, 214 P. 2d 271, 275:

"In order to justify the search of the person, and the immediate surroundings of the person arrested, the arrest must be in good faith, and not as an excuse or subterfuge for the purpose of making an unlawful search."

There is nothing in the record herein to show the arrest was not in good faith. The better practice is to charge the defendant with the offense for which the arrest was instituted, but that is a matter within the county attorney's discretion. Stout v. State, supra.

It has been repeatedly held that the burden is on defendant to introduce evidence sustaining his motion to suppress evidence on ground of illegality of search of defendant's automobile without a warrant. Whether such search and seizure is reasonable, is, in its final analysis, to be determined as a judicial question, in view of all the circumstances. Moreover, where an officer sees a person violating the intoxicating liquor law at a place where the officer has a legal right to be, the officer may without a warrant arrest the person and search his person and immediate possessions for intoxicating liquor. Farmer v. State, 86 Okla. Cr. 308, 192 P. 2d 716. Such was clearly the situation herein. The trial court did not abuse its discretion in overruling the motion to suppress the evidence herein.

The defendant next contends that the trial court erred in setting out in parenthesis, in instruction No. 6, the phrase, "under the influence of intoxicating liquor". The record discloses that the expression was not parenthetically set apart but in fact was set apart in quotation marks. Nevertheless, he contends it tended to unduly direct the jury's attention to, and overly emphasize, the condition under which it was alleged he operated the automobile and for which the

defendant was being tried. An examination of the instructions discloses that the trial court used quotation marks in connection with the court's definition of terms, such as, "operate", "drive", "motor vehicle", "highway", "person", as well as, "under the influence of intoxicating liquor". It is clearly apparent this was merely a device by which the trial court set apart the terms being defined. We are sure it was not intended or used as a device of emphasis, to call special attention only to the term, "under the influence of intoxicating liquor". If such was intended use of the quotation marks would not have been resorted to in defining the other terms employed in the instructions. Hence the use made of the quotation marks in the court's instructions as herein employed did not constitute error.

Next the defendant contends the trial court erred in submitting to the jury 4 separate forms of verdict, as follows, to-wit:

"1. We, the Jury, empanelled and sworn to try the issues in the above entitled cause, do upon our oaths, find the defendant, William Arthur Webster Guilty of the crime of Driving a Motor Vehicle While Under the Influence of Intoxicating Liquor, as charged in the Information, and fix and assess his punishment at a fine of $————, and in addition thereto, confinement and imprisonment in the County Jail of Kiowa County, Oklahoma, for a period of ———— days.

"2. We, the Jury empanelled and sworn to try the issues in the above entitled cause, do, upon our oaths, find the defendant, William Arthur Webster, Guilty of the crime of Driving a Motor Vehicle While Under the Influence of Intoxicating Liquor, as charged in the Information, and fix and assess his punishment at a fine of $————.

"3. We, the Jury, empanelled and sworn to try the issues in the above entitled cause, do, upon our oaths find the defendant, William Arthur Webster, Guilty of the crime of Driving a Motor Vehicle While Under the Influence of Intoxicating Liquor, as charged in the Information, and fix and assess his punishment at confinement and imprisonment in the county jail of Kiowa County, Oklahoma, for a period of ———— days.

"4. We, the jury, empanelled and sworn to try the issues in the above entitled cause, do upon our oaths, find the defendant, William Arthur Webster, Not Guilty."

The jury employed the first form of verdict in finding the defendant guilty and in fixing the penalty at a $30 fine and 21 days in jail.

Title 22, O.S. 1951 § 893, provides in part as follows:

"On retiring for deliberation the jury may take with them * * *; the forms of verdict approved by the court, * * *."

It is apparent from the language employed that the forms of verdict may be more than one form. If such were not intended then the Legislature would have used the singular "form" instead of the plural "forms". It occurs to us that the forms here employed are clear and unambiguous as to the verdict the jury might reach. They resolved all the contingent conclusions as to form to plain simple language and did not leave the matter as to form of the verdict to the speculation or conjecture of the jury. Only the finding of the jury as to guilt or innocence and in the event of guilt the amount of fine or jail sentence was open to speculation or disputation by the jury. The forms of the verdicts were determined by the trial court as rightfully they should have been, since the form of the verdict constitutes a procedural matter. Procedural matters are for the determination of the courts, not the jury. The question herewith presented is purely one of procedure. Such forms of verdict could not have been confusing, and certainly could not have been prejudicial to the rights of the defendant. In 23 C.J.S., Criminal Law, § 1293, at page 873, it is said:

"Where a form for a verdict is submitted, it should be comprehensive enough to include any kind of verdict the jury would be warranted in returning, * * *. While the better practice is said to be to furnish separate and specific forms for every legal conclusion of the jury that can be anticipated, it is not improper to furnish a form containing a blank to be filled out by the jury."

In Cupp v. State, 127 Tex. Cr. R. 10, 74 S. W. 2d 701, 704, the Texas Court of Criminal Appeals said:

"We believe the better practice would be, if the court is going to give to the jury a form of a verdict, he should give a form of every kind of a verdict that may possibly be returned by the jury; otherwise, it may be construed by the jury to mean that the court is of the opinion that only a certain kind of verdict was justified under the law and the facts."

It has been suggested that this should be true since it is for the convenience of the jury and facilitates their work. State v. Hickenbottom, 63 Wyo. 41, 178 P. 2d 119. Under the conditions herewith presented the forms of verdict submitted to the jury could not have prejudiced the defendant's rights; to the contrary, they were more favorable than otherwise they might have been in that they clearly presented all the contingent conclusions open to the jury, both favorable as well as unfavorable. For all the foregoing reasons, the judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.