## BYARS v. STATE.

No. A-11608. Sept. 24, 1952.

(248 P. 2d 643.)

W. H. Cooper, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. This is an appeal from a conviction sustained by the defendant, Lee Allen Byars, in the county court of Caddo county for the offense of driving an automobile upon the public highway while under the influence of intoxicating liquor.

Two propositions are presented in the brief of defendant: First, the court erred in overruling the motion of defendant for a continuance. Second, the court erred in refusing to permit counsel to argue to the jury the question that the defendant would have his driver's license revoked in case of a conviction.

The record discloses that the defendant was arrested on September 17, 1949, and an information was filed on September 19, 1949, charging him with the offense for which he was convicted. Thereafter the case was assigned for trial on January 16, 1950. On January 16, 1950, the case was continued on application of defendant's attorney to January 23, 1950. On January 23, 1950, the defendant filed a

verified motion for continuance on account of the alleged absence of two of his witnesses, which motion was sustained and the case was stricken from that assignment. The cause was next assigned for trial for March 22, 1951. On that date the defendant appeared in person and by his counsel and filed a motion for continuance with the exact wording of the motion which had been filed and sustained the year previous. This motion was overruled. There was no formal order overruling the motion for continuance shown in the record, but the minutes of the court show the following:

"3-22-51 Enter order denying motion for reason that no effort has been made to secure the attendance of said witnesses or to take their deposition since case was continued from last term of court from which time this cause had been continued until this date, for the same reason offered in motion for continuance in last jury term of County Court."

The defendant had received two continuances. The trial of the case had been delayed for over a year upon his application. We think the motion presented a question which was addressed to the sound judicial discretion of the trial court, and we do not believe that he abused his discretion. Herndon v. State, 35 Okla. Cr. 371, 250 P. 942; Roberts v. State, 36 Okla. Cr. 28, 251 P. 612.

The second proposition presented by the defendant has been decided adversely to him in three cases decided by this court since the trial and conviction of the accused. Bisanar v. State, 93 Oka. Cr. 7, 223 P. 2d 795; Thrasher v. State, 94 Okla. Cr. 105, 231 P. 2d 409; McDaniel v. State, 94 Okla. Cr. 237, 233 P. 2d 325.

In Bisanar v. State, supra, this court established the rule of law governing this proposition in the seventh syllabus, wherein it was stated:

"The question of whether the defendant would lose his driver's license if found guilty is no part of the penalty prescribed by Tit. 47 O.S.A. § 93, and was not an issue for the jury to determine."

In Thrasher v. State, supra, this court stated:

"The revocation of a driver's license is not mentioned as a part of the punishment prescribed by the statute upon conviction for the crime here involved. 47 O.S. 1941 § 93. However it is one of the civil rights which an accused forfeits as a result of his conviction. The legislature in its wisdom, acting under its police power, has decreed that a person convicted of driving an automobile on the public highway while under the influence of intoxicating liquor should have his license revoked by the Commissioner of Public Safety. This forfeiture might be compared in a way to some of the civil rights forfeited by a person who served a term of imprisonment in the penitentiary upon conviction of a felony, such as his right to serve upon a jury, or to vote, etc."

The judgment and sentence of the county court of Caddo county is affirmed.

BRETT, P. J., and POWELL, J., concur.