Isaac Jessie WEST, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12036.

Criminal Court of Appeals of Oklahoma.

Dec. 8, 1954.

Rehearing Denied Dec. 10, 1954.

200

Chamberlin & Slagle, Frederick, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error Isaac Jessie West, defendant below, was charged by information in the county court of Kiowa county, Oklahoma, with the offense allegedly committed on the 5th day of August 1953 of wrongfully operating a motor vehicle, an Oldsmobile, on a public highway in said county and state from a point in the city of Roosevelt, Oklahoma, Kiowa county, to a point approximately 2 miles south of Babbs Switch while he was under the influence of intoxicating liquor. The defendant was tried by a jury, convicted and his punishment fixed at a $150 fine; judgment and sentence was entered accordingly from which this appeal has been perfected.

Briefly the evidence of the state was to the effect that the defendant was observed driving his automobile from Roosevelt, Oklahoma, in a northerly direction in a manner which indicated he was intoxicated. This information was communicated to W. C. Matthews, deputy sheriff of Kiowa county, who approached the scene of the arrest driving south on the highway and met the defendant who was coming towards him on the defendant's left hand side of the road

or deputy sheriff Matthews' side of the highway. Officer Matthews said he whipped off on the dirt, stepped out of his car and stopped the defendant who went about 75 yards after he "hollered hey" at him. The officer turned around in his car and pulled in behind the defendant, went around the car and asked the defendant to get out. He told him he was under arrest and searched him, took him to the deputy sheriff's car and told him to remain there while he searched the defendant's automobile. This search revealed one pint and some whiskey in another pint. He testified that when the defendant got out of his car he was wobbly on his feet, his speech bad as was his color and complexion, and that it was his opinion that he was under the influence of intoxicating liquor. Before Officer Matthews could contact other officers by radio, E. O. Peters, sheriff of Kiowa county, arrived, and the defendant admitted to him that he had had a few drinks because he had been having family trouble. The sheriff likewise described his speech as blurry and the fact that he was unsteady on his feet, his eyes were blurry and he did not talk right it was his opinion that the defendant was drunk.

Mitch Hill, city marshal of Roosevelt, Oklahoma, who was also present at that time and observed the defendant, also at the jail at Hobart, testified that in his opinion the defendant was under the influence of intoxicating liquor.

The defendant offered in behalf of himself the testimony of Charley West and Arlie West his nephews, both 18 years of age, who testified that they saw their uncle take one drink of whiskey, that they met him coming back from a fishing trip and that he chased Charley West down the highway and spilled a part of his whiskey. It was their opinion that he was not under the influence of intoxicating liquor, and they testified he talked normally and walked all right. The defendant testified in his own behalf admitting that he took a drink of liquor before he left home on the day of the arrest, and that he had another drink when he met the two nephews on the highway south of Snyder, and that he spilled some of the whiskey while chasing Charley West his nephew. His testimony was that he did not think the drinks that he had taken caused him to be intoxicated. The defendant did not deny he was violating the rules of the road as established by the state's evidence. He admitted that on February 24, 1953 he plead guilty to being drunk in the city court of Frederick, Oklahoma, and on June 15, 1951 he again plead guilty in the same court to a charge of reckless driving and the possession of whiskey. At the conclusion of the state's evidence the defendant interposed a motion to suppress the evidence on the ground of the unlawful search and seizure effected by Officer Matthews, and thereafter at the conclusion of all the evidence a demurrer and directed verdict were overruled.

The first proposition raised by the defendant is predicated upon the evidence to the effect that the defendant was coming toward Officer Matthews on which Mr. Matthews said was the wrong side of the road as the defendant approached him driving 25 to 30 miles an hour, at a time when no other cars were on the highway going either direction and that after the officer stopped his automobile over on the shoulder the defendant got over on his right side of the road where he was approximately 75 feet from the point where the officer had hollered at him. The defendant complains that it was not for this reason the officer stopped, and arrested him but to search him and his car. He contends that this arrest and search and seizure was unlawful and all of the evidence and the testimony of Officer Matthews should have been suppressed as moved by the defendant. He further alleges that without this testimony the evidence was insufficient to go to the jury and that the motion by the defendant for an instructed verdict of not guilty should have been sustained. This contention is predicated upon the provisions of § 121.4, Title 47, O.S.1951, as follows:

"(b) Drivers of vehicles proceeding in opposite directions shall pass each

other to the right, and upon roadways having width for not more than one line of traffic in each direction each driver shall keep to the right of the center of the roadways."

The defendant asserts that this contention was before the court in Hodge v. State, Okl.Cr., 258 P.2d 215, but that in that case the defendant was on the wrong side when he passed the patrolmen's car and forced them off the road. Such was the situation in the Hodge case but such was not the situation in the case of Webster v. State, Okl.Cr., 248 P.2d 646, 648, wherein this court said:

"Officer Bird testified when the defendant was first observed he was committing the offense of driving to the left of the center of the highway, and that was the reason for stopping the defendant. He stated and correctly so, that technically the arrest was effected when he was stopped. After he was stopped and the officers saw that he was drunk, he was formally placed under arrest. It clearly appears the officers acted in a lawful manner in stopping the defendant when they observed him violating the rules of the road. When they saw he was drunk, it was within their lawful duty to arrest him, because two offenses were then committed in their presence. The arrest being lawful, the search of the truck was lawful, and the third of a pint of whiskey was thus valid evidence in the trial of the case."

It is not the intent of this opinion to establish the principle that a motorist cannot drive on the left side of the road in the absence of approaching traffic. But we do think, it would establish a very dangerous precedent conducive to creation of unexpected hazards on the highways in the State of Oklahoma to hold that a motorist could drive on the left side of the road until the instant of passing another vehicle. In the Hodge case, supra, notwithstanding the fact that the officers were forced over on the shoulder of the highway by the defendant Hodge, in relation to the manner

in which the defendant was driving we said [258 P.2d 217]:

"It clearly appears from the evidence that at the time the defendant was meeting the patrol car he was violating the rules of the road, Title 47, § 121.4, O.S.1951, * * *."

An offense had thus been committed in the officers' presence which permitted them to pursue and stop the defendant's car. Further therein we said:

"The car being stopped, the defendant ordered out of the automobile and placed under arrest and his condition being observed under the law it was not only the officers' right but their duty to arrest the defendant for driving while intoxicated."

The distinction that the defendant seeks to make between the Hodge case and the case at bar we believe is one for all practical purposes without a difference, for here the officer in anticipation of being struck pulled his car off on the dirt or shoulder of the highway so in fact there is no difference at all in our opinion in the case at bar and in the Hodge case relied upon by the defendant, as well as by the state.

■ The defendant further contends that a person on the highway has a right to the use of that highway from side to side of a public easement, in the absence of violating the right of the reasonable use thereof by another person, who is present and using the same highway at the same time. This contention of course would be entirely dependent upon circumstances and conditions as to the necessity for the use of the highway in such a manner was reasonable. We do not intend to lay down an arbitrary rule that at no time can a person drive on the left hand side of the highway for there are occasions and conditions which in the interest of safety may permit, and might require, driving on the left hand or wrong side of the highway. But certainly officers, who observe an automobile not conforming to the hereinbefore referred to rules of the road, have a right to arrest a person (and that as hereinbe-

fore indicated, an arrest is technically made when he is stopped on the highway) for the purpose of ascertaining the reason for the motorist driving on the left hand or wrong side of the highway contrary to the rules of the road. In the event it was discovered that such driving was by reason of intoxication (as in the case at bar) it would then be the officer's duty to arrest the person for drunk driving and deliver him over to the proper authorities for prosecution. The defendant contends that, in the absence of a conflicting use or desired user by another person at the time two automobiles were approaching one another to prohibit the unrestricted use of the highway would be an unwarranted invasion of lawful and constitutional rights. With the latter contention we are in agreement. He cites in this connection State ex rel. King v. Friar, 165 Okl. 145, 25 P.2d 620; and Rider v. Porter, 147 Ga. 760, 95 S.E. 284, to the effect:

> "The public have the right to the unobstructed use of the whole road as it was acquired by the county."

But certainly this interpretation does not include the whole road while driving in one direction and while drunk and we do not believe it is unreasonable to presume that there is a contingent conflict of use arising when a driver drives on the highway while drunk. He also cites Hover v. Oklahoma City, 133 Okl. 71, 74, 271 P. 162, 165, wherein the Supreme Court of Oklahoma said:

> "A 'street' is a public way from side to side and from end to end".

And 25 Am.Jur. 461, § 166:

> "But the entire highway belongs to the public from side to side and from end to end. The public easement is coextensive with the limits of the highway and extends to its whole surface."

These rules do not create in an individual user absolute rights but only relative rights measured in terms of the rights of the general public, and the requirements of public safety. Such rules have reference to a legitimate, essential and lawful use of the highways. Their interpretation is limited by the rules of the road, which are intended to curb unlawful driving in the interest of public safety. In this connection the defendant admits the right of the state acting through the legislature in the exercise of its police powers to promote public safety, by enacting reasonable rules governing the traffic on the highways. He states that he does not contend the above statutory rule is unreasonable. We take it that it is his position that in this case there was an unconstitutional application of the foregoing rules of the road. But certainly the facts herewith presented do not present a situation in support of an unconstitutional application of said rule. Officers of the law have a right to stop a motorist and make inquiry as to the reason for clear violations of the rules of the road. This contention is wholly without merit, and the trial court did not err in overruling the defendant's motion to suppress the evidence.

The defendant next contends that the trial court erred in denying defendant permission to argue to the jury the proposition that in the event of a conviction herein his operator's or driver's license would automatically be suspended for one year. This point has been heretofore decided contrary to this contention in the case of Robertson v. State, Okl.Cr., 250 P.2d 62, and in McDaniel v. State, 94 Okl.Cr. 237, 233 P.2d 325, both holding that the question of loss of driver's license in a drunk driving case is not an issue for the jury, in fact, the proceeding is entirely ancillary to the criminal action. Such being the case, argument to the jury relative to loss of driver's license would be irrelevant and improper.

Lastly the defendant contends that the trial court exceeded its jurisdiction in including in the journal entry of judgment the following order:

> "It is further ordered that the defendant immediately surrender into court all of his drivers', operators' and Chauffeurs' licenses, to be by the Clerk of this court transmitted to the Department of Public Safety in Okla-

204

homa City, Oklahoma, to be by the Commissioner thereof revoked for a period of one year."

And that the revocation of the license for one year was no part of the judgment of conviction, and is contrary to the requirements of law and renders the judgment erroneous. This point has been passed on adversely to the defendant's contention in the case of Campbell v. State, 83 Okl.Cr. 108, 173 P.2d 584. We are of the opinion that, this attempted revocation in no manner whatsoever affects the court's jurisdiction to impose the judgment and sentence as to the penalty. For certainly the court had jurisdiction of the subject matter, jurisdiction of the person and authority under the law to pronounce the penalty imposed. Since revocation is a matter that does not affect the authority of the court to impose the penalty herein inflicted and since the matter of revocation has been vested in the Commissioner of Public Safety, the order of the court made herein directing the Commissioner to revoke the license for a period of a year constitutes an attempt to exercise jurisdiction in that regard which the court did not possess, and therefore is a nullity. In this connection that part of the judgment is similar to Flinn v. State, Okl.Cr., 257 P.2d 324, wherein the trial court attempted to incorporate into its judgment an order to deliver the defendant to the foreman of the chain gang to imprison said defendant in accordance with the judgment and sentence. Therein we held that, that portion of the journal entry of judgment was without authority of law and that the same constituted mere surplusage and by deleting the same from the judgment the remainder thereof constituted a valid judgment and sentence.

The evidence herein though conflicting was sufficient to sustain the verdict of the jury. Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.