Jacob Ebey PARKER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. 13984.

Court of Criminal Appeals of Oklahoma.

Jan. 18, 1967.

Rehearing Denied March 30, 1967.

K. Bill Walker, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Plaintiff in error, hereinafter referred to as defendant, was charged by information in the Municipal Criminal Court of the City of Tulsa, Oklahoma, with the offense of "actual physical control of a motor vehicle while under the influence of intoxicating liquor".

The charging portion of the information reads:

"On or about the 14 day of July, 1965, Jacob Ebey Parker, the above named defendant did wilfully and knowingly was in actual physical control of a 1965 Chevrolet Convertible Motor Vehicle bearing license tag No. '65 Ok. ZF 1887 at,4100 to 3600 South Lewis Street while said defendant was under the influence of intoxicating liquor, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma."

The defendant entered a plea of not guilty, waived his right to a jury trial, and the case was submitted to the trial judge on agreed stipulations.

The case was heard by the trial judge on December 9, 1965, and on December 30, 1965 judgment and sentence was passed, at which time defendant filed his motion for a new trial, which was overruled. Defendant was sentenced to pay a fine of $50, serve in the county jail for a period of ten days, and to pay court costs in the amount of $14. Thereafter defendant perfected his appeal to this Court.

Defendant's state of intoxication was stipulated, as well as the fact that he was in the automobile in such condition when apprehended by the police.

This prosecution was accomplished under the provisions of Title 47 O.S.A. § 11–902 (a), which provides:

"It is unlawful and punishable as provided in paragraph (c) of this section for any person who is under the influence of intoxicating liquor to *drive, operate, or be in actual physical control* of any motor vehicle within this state." (Emphasis added).

Defendant urges that this statute is in violation of Art. 2, §§ 2 and 7 of the Oklahoma Constitution; and of Amendments 5 and 14 of the United States Constitution, in "that said statute is so vague and indefinite that a person is deprived of due process of law; that said statute is confiscatory in that a person's license to operate a motor vehicle on public streets and highways is taken away."

In an effort to support this contention, defendant cites three cases, none of which do we consider applicable to the facts at hand in this case.

However, in answer to defendant's contention, the Attorney General cites a 1958 case settled by the Montana Supreme Court. We consider that case to be squarely in point with the law and the facts at hand.

State v. Ruona, 133 Mont. 243, 321 P.2d 615, was a case in which the defendant was found in his parked automobile, while under the influence of intoxicating liquor, with the vehicle motor still running. The Montana statute, under which the defendant was prosecuted, is identical to the Oklahoma statute, except it does not include the word "operate". One of the two issues considered by the Montana Supreme Court was: "Is the term 'actual physical control' used in the statute * * * so vague, ambiguous and uncertain as to render the statute void?"

In arriving at the conclusion that the term is *not* unconstitutional, the court reached the

following definition for "actual physical control", and said:

"Using the term in 'actual physical control' in its composite sense, it means 'existing' or 'present bodily restraint, directing influence, domination or regulation.' Thus, if a person has existing or present bodily restraint, directing influence, domination or regulation, of an automobile, while under the influence of intoxicating liquor he commits a misdemeanor within the provisions of [the statute]."

■ In arriving at the above definition, the court interpreted the words "actual", "physical", and "control" in their ordinary meaning. This was in accord with the general rule that words of a statute are to be interpreted in their ordinary, everyday sense, unless a contrary interpretation is indicated in the specific statute. See Title 47 O.S.A. § 1–101 which provides for the same interpretation of words used in that Title of the statute.

■ We are of the opinion that the Montana Supreme Court definition of the phrase "actual physical control" is applicable to the Oklahoma statute, and therefore adopt the same. Further, we hold that the statute is not unconstitutional.

In the discussion of the Rouna case, supra, the Montana Supreme Court referred to a 1954 Ohio case, State v. Wilgus, Ohio Com. Pl., 17 Ohio Supp. 34. The Ohio case being one with similar facts to both the Montana case, and the one now under consideration by this Court. Likewise, the statute being construed by the Ohio court is essentially the same as the Oklahoma statute now under consideration. The Montana Supreme Court recited as follows:

"The [Ohio] court said that the [Ohio] statute defined two distinct offenses, 'operating a vehicle,' and 'being in actual physical control of a vehicle' while intoxicated."

■ The former Oklahoma statute provided it to be an offense for one who is under the influence of intoxicating liquor *to operate or drive* a motor vehicle on any highway within the State. In enacting the new law, Title 47 O.S.A. § 11–902(a), the word "drive" was retained, and the words "or be in actual physical control of any motor vehicle" were added in the *disjunctive*. Like the Ohio Supreme Court, we must, therefore, conclude that the legislature intended the present law to embrace fact situations not covered by the earlier statute; and more particularly, the legislature intended the law should apply to persons having control of a vehicle, while not actually driving it, or having it in motion.

■ We therefore hold that Title 47 O.S.A. § 11–902(a) defines two offenses; one being: "It is unlawful for any person who is under the influence of intoxicating liquor *to drive or operate* any motor vehicle within this state"; and the other being: "It is unlawful for any person who is under the influence of intoxicating liquor *to be in actual physical control* of any motor vehicle within this state."

We do not consider it necessary to discuss defendant's complaint concerning the mandatory suspension of his driver's license, insofar as the information filed against defendant did not allege his "driving" while under the influence of intoxicating liquor, but instead only alleged "actual physical control" of the motor vehicle.

Further, this Court has held in numerous cases that such mandatory action, provided in Title 47 O.S.A. § 6–205, is not part of the judgment and sentence in cases of this nature. Such action is of administrative nature, and any relief sought therefrom must be obtained through civil means, as provided in the statutes. See McDaniel v. State, 94 Okl.Cr. 237, 233 P.2d 325; and Thrasher v. State, 94 Okl.Cr. 105, 231 P.2d 409.

From the record before this Court, it is obvious that defendant knowingly waived his right to trial by jury, thereby leaving the decision to the trial judge. Likewise, having stipulated sufficient facts to show that the defendant was in "actual physical

 

control" of the vehicle, and that he was in an intoxicated condition, there were no other specific facts for the trial judge to resolve.

Therefore, for the reasons hereinbefore set out, we are of the opinion the judgment and sentence of the Municipal Criminal Court of the City of Tulsa, Oklahoma, for the offense charged should be, and the same is, affirmed.

NIX, P. J., and BUSSEY, J., concur.