**Bobby Joe HUCKABY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17621.**

Court of Criminal Appeals of Oklahoma.

April 18, 1973.

Erwin & Butts, Chandler, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Linda Frye, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Bobby Joe Huckaby, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Lincoln County, Oklahoma, Case No. CRM–71–339, for the crime of Driving While Intoxicated. He was sentenced to a term of twenty (20) days in the Lincoln County, Oklahoma, Jail and a fine of One Hundred Fifty Dollars ($150.00), in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

Evidence at the trial showed that on October 15, 1971, defendant was driving south on Highway 177 in Lincoln County, Oklahoma. At about 9:05 p.m., Trooper Ronald Shoyer stopped defendant for exceeding the speed limit. When the defendant was taken to the police car for a routine check of his driver's license, Trooper Shoyer detected the smell of intoxicants and other visible signs of possible intoxication. After corroborating his suspicions with a fellow trooper, Shoyer arrested the defendant. The defendant was then taken to the police station where a breathalyzer test was administered. The evidence showed that the test was properly administered by a qualified operator and that the results indicated that the defendant had sixteen one-hundredths (.16) percent blood alcohol content. At the time of trial, fifteen one-hundredths (.15) percent blood alcohol content raised a prima facie case that a person was under the influence of alcohol or intoxicating liquor. (47 O.S.1969, § 756(c))

■ On appeal, defense contends that the Information, charging defendant with driving and operating and having actual physical control of a motor vehicle while under the influence of intoxicating liquor, is defective by reason of duplicity. Defense alleges that because of this defect, the court erred in denying a demurrer to the information and in admitting evidence on a fatally defective information. It is true that operating a car while intoxicated and having a car under one's physical control while intoxicated constitute two separate offenses. However, whereas one may have a motor vehicle under his control and not be operating that vehicle, it is certainly obvious that the converse is impossible. Therefore, the information contained merely surplusage of an included element of the offense, operating a vehicle while intoxicated, and was not duplicitous.

■ Because there was no defect in the information, defense's objection to amending the information after the State had rested is without merit. As surplusage, it was not necessary to strike the part of the information charging physical control of a vehicle while intoxicated, nor was it prejudicial to do so.

Defense's final contention is that the evidence does not support the verdict. On review of all the evidence, we find that the jury could reasonably conclude that defendant was guilty as charged and this Court will not presume to substitute its judgment for that of the jury.

For all the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.

BRETT, Judge (dissenting).

I respectfully dissent to the conclusions reached in this decision, because—under the facts of this case—I believe defendant's demurrer to the information should have been sustained.

Clearly, the offense, driving under the influence of intoxicants and being in actual physical control of a vehicle while under the influence of intoxicants, are two separate and distinct offenses. See: Parker v. State, Okl.Cr., 424 P.2d 997 (1967). The information in this case listed both offenses as charges against the defendant, and defendant contended the information was faulty because of duplicity. I believe it was.

22 O.S.1971, § 404, specifies that the information must charge but one offense; but that section also allows the listing of more than one offense under separate counts, when "the proof may be uncertain as to which of two or more offenses the accused may be guilty of." In the instant case the prosecutor did not elect to file his information under these provisions, but instead he charged both offenses. From the very beginning the defense counsel objected to the information, because of duplicity; but his objections were overruled. When the state concluded its evidence, defense counsel entered his demurrer to the information, again citing its duplicitious condition. The trial court denied the demurrer and required defendant to present his case, over defendant's objections.

Finally, as if the light of wisdom shone all around, at the conclusion of defendant's evidence the court permitted the state to amend the information to conform to the state's proof, by deleting the second charge of being in actual physical control of a vehicle while under the influence of intoxicants. When the information was amended—at that late stage of the proceedings—the jury was instructed and returned its verdict finding defendant guilty of driving while under the influence of intoxicants.

I readily concede that 22 O.S.1971, § 304, allows the amending of an information in manner of substance or form at any time before the defendant pleads; and the information may be amended after plea on order of the court where it can be done without material prejudice to the rights of the defendant. See: Teague v. State, 64 Okl.Cr. 369, 81 P.2d 331 (1938). But I do not believe that the proper administration of justice allows the prosecutor "to lay behind a log" during the entire proceedings, and then select the charge his proof seems to indicate, unless he proceeds under 22 O.S.1971, § 404, in which instance the jury selects the charge the proof seems to sustain. But in this case the trial court permitted the prosecutor do indirectly that which he is denied by statute; and this Court permits the abuse of discretion to stand under the guise that "the information contained merely surplusage of an included element of the offense, operating a vehicle while intoxicated and was not duplicitous." I do not agree.

I can accept the contention that had defendant not entered an objection he would have waived any right to complain; but what disturbs me is that defense counsel objected to an obvious duplication of offenses and each time his objection was denied. I believe the rules of our adversary system of jurisprudence intends that the rules of procedure should work with reasonable equality for both the prosecution and the defense. We hold that the defendant is bound by his attorney's actions, so as in this case, I believe the state should also be bound by its prosecutor's inept decision.

Therefore, I believe this conviction should be reversed and remanded for a new trial.