Donald John WESTERMAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–74–116.

Court of Criminal Appeals of Oklahoma.

Aug. 13, 1974.

Rehearing Denied Sept. 18, 1974.

Jess Horn, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Amalija J. Hodgins, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Donald John Westerman, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. His punishment was fixed at imprisonment in the Oklahoma County jail for ninety (90) days and a fine of Two Hundred and Fifty ($250.00) dollars. From said judgment and sentence a timely appeal has been perfected to this Court.

As this cause requires reversal for a new trial, we do not deem it necessary to recite the facts.

Defendant's first proposition of error urges that the trial court committed prejudicial and reversible error in refusing to sustain his Motion to Suppress the results of a breathalyzer test after the State failed to show that the test was performed under methods approved by the Board of Chemical Tests for Alcoholic Influence. We agree with defendant's contention.

Title 47 O.S.1971, § 759 which established the Board of Chemical Tests for Alcoholic Influence provides in pertinent part:

"Chemical analysis of the person's blood or breath to be considered valid under the provisions of this act shall have been performed according to methods approved by the Board of Chemical Tests for Alcoholic Influence and by an individual possessing a valid permit issued by the Board for this purpose."

In Synnott v. State, Okl.Cr., 515 P.2d 1154 (1973), this Court held that the power delegated by 47 O.S.1971, § 759, was primarily administrative and was a proper matter for delegation for the Legislature.

On April 23, 1973, the Board adopted the rules and regulations pursuant to 47 O.S.

1971, § 759 which superseded and replaced rules adopted by the Board in August, 1969. The new rules were divided into two sections, one pertaining to procedures for analysis, the other setting forth maintenance requirements for breathalyzer machines.

At trial, Officer Doug Hill, a licensed breathalyzer operator with the Midwest City Police Department who had given the test to the defendant on August 19, 1973, testified to the procedure he followed in administering the test, stating that after testing the defendant's breath he ran a control test using a known value solution supplied by the Department of Public Safety. A review of Officer Hill's testimony indicates a basic compliance with operating standards as set forth in the Board's Rules and Regulations.

However, the defendant's contention is based not only on compliance with one section of the rules and regulations, but on the compliance with the regulations in toto. It is in this respect that the State failed to sustain its burden of proof.

The only indication from the record concerning whether all the rules were complied with comes from testimony given by Officer Hill, and on the basis of this testimony alone there is insufficient proof to show that the standards were met. On cross-examination, Officer Hill testified that he had followed rules on administering the test, however, he admitted that he did not know which rules he was using, the April 23, 1973 rules or the ones they superseded. The breathalyzer operator was also unable to testify affirmatively that the maintenance requirements of the Board Rules had been met, saying that he had no personal knowledge of maintenance being performed, nor did he know whether the reports required to be submitted to the Department of Public Safety had ever been submitted.

The rules of the State of Oklahoma Board of Chemical Tests for Alcoholic Influence adopted and published the following rules and regulations which the de-

fendant contends were not followed and are in pertinent part as follows:

"(b) The following maintenance shall be performed on the above listed equipment at least once during each thirty (30) day period or after every twenty-five (25) tests, whichever occurs first, by a person possessing a valid Breath Alcohol Analysis (Supervisor) Permit by the Board.

(1) A thorough inspection of the equipment for cleanliness and determination that it is in proper operating condition shall be performed.

(2) The reference ethyl alcohol solution in the alcoholic breath simulator device shall be replaced with new solution and one (1) or more verification analyses performed on the new solution. Each verification analysis shall be performed in accordance with the approved "Operating Procedure" set forth in the Breath Analysis Record and Report, . . . .

(3) Results of said verification analyses and the date of inspection shall be recorded in the maintenance log assigned to the equipment; and a written record of the inspection shall be prepared on the Technical Supervisor's Service Report, . . . and one copy of such written record shall be forwarded to the Department of Public Safety . . . . "

■ We find in construing 47 O.S.1971, § 759, that one of the main purposes of the Board of Chemical Tests for Alcoholic Influence is to promulgate rules and regulations on operation and maintenance of breathalyzer equipment in order to assure the accuracy of the tests run on this equipment, and that failure to comply with all the rules invalidates tests given on the equipment.

■ The burden of proof in showing that the rules were complied with is on the State. It is not the burden of the defendant to prove the tests invalid, but rather the duty of the State to prove that the law has been obeyed. This proof can be established without the necessity of calling the

Supervisor who performed the required maintenance, if it can be shown through other testimony that there was compliance of all regulations.

██ In view of the fact that the results of the breathalyzer test were admitted without proof of compliance to the rules and regulations, the defendant's Motion to Suppress should have been sustained.

Upon a retrial of this case unless the State can establish that the rules have been complied with as construed in this opinion, the evidence of the results of tests will be inadmissible. To summarize our holding today, we find that it is error for the trial court to admit over the objection of the defendant evidence of results of the breathalyzer test when Motion to Suppress has been interposed whereafter a timely objection was not offered without the State having first established substantial compliance with rules promulgated under 47 O.S.1971, § 759. However, failure to interpose a Motion to Suppress a timely objection constitutes a waiver and preserves nothing for review on appeal.

The judgment and sentence, therefore, is reversed and remanded for a new trial for further proceedings consistent with this opinion.

BLISS, P. J., and BRETT, J., concur.