Phillip O. **DAVIS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. M–78–317.

Court of Criminal Appeals of Oklahoma.

May 9, 1979.

Mike Millstead, Norman, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Phillip O. Davis, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Custer County, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. Punishment was set at imprisonment in the Custer County jail for ten (10) days and a Two Hundred Fifty ($250.00) Dollar fine. From said judgment and sentence a timely appeal has been perfected to this Court.

As this cause requires reversal for a new trial, we do not deem it necessary to recite the facts.

The defendant's sole assignment of error urges that the trial court committed revers-ible error by refusing to sustain his motion to suppress the results of the breathalyzer test after the State failed to show that required maintenance had been performed. The defendant cites only the case of *Westerman v. State*, Okl.Cr., 525 P.2d 1359 (1974), in support of his proposition. In *Westerman*, the testimony indicated basic compliance with the operating standards of a breathalyzer, as promulgated under 47 O.S.1971, § 759, even though the officer did not know whether he was using the current rules or earlier rules which had been superseded. The breathalyzer operator was unable to affirmatively testify that the maintenance requirements for a breathalyzer as promulgated under Section 759 had been met. We stated in *Westerman* that:

"In view of the fact that the results of the breathalyzer test were admitted without proof of compliance to the rules and regulations, the defendant's Motion to Suppress should have been sustained.

"Upon a retrial of this case unless the State can establish that the rules have been complied with as construed in this opinion, the evidence of the results of the tests will be inadmissible. To summarize our holding today, we find that it is error for the trial court to admit over the objection of the defendant evidence of results of the breathalyzer test when Motion to Suppress has been interposed whereafter a timely objection was not offered without the State having first established substantial compliance with [the] rules promulgated under 47 O.S. 1971, § 759. However, failure to interpose a Motion to Suppress a timely objection constitutes a waiver and preserves nothing for review on appeal."

In the instant case, Trooper Rushing, the breathalyzer operator, testified to facts showing that the proper operating procedures were used in testing the defendant. However, Trooper Rushing was unable to affirmatively testify that the proper maintenance had been performed on the breathalyzer, and there was no other evidence presented to show the performance of the required maintenance. The defendant in-

terposed motions to suppress several times during the trial and each was overruled. In light of our decision in *Westerman v. State*, supra, it was error for the trial judge to overrule a motion to suppress the results of the breathalyzer test after the State failed to meet its burden of proof by showing that the breathalyzer was properly maintained.

The judgment and sentence is, therefore, *REVERSED* and *REMANDED* for further proceedings consistent with this opinion.