Don McMANUS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–83–112.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1985.

As Corrected April 24, 1985.

Michael F. Stake, Asst. Public Defender, Woodward, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Don McManus was convicted of Driving While Under the Influence of Intoxicating Liquor, Case No. CRM–82–209, and sentenced to forty-five (45) days imprisonment in the Harper County Jail, and fined three hundred ($300) dollars, from the District Court of Harper County, Oklahoma, and appeals.

On the evening of September 17, 1981, Oklahoma Highway Patrol Troopers, Kevin Millender and Eugene Ruggs, were outside the Phillips 66 service station on Main Street in Buffalo, Oklahoma. The two men observed the appellant execute a left turn onto Main Street, squealing his tires as he entered the flow of traffic at a faster speed than surrounding cars. The troopers followed the appellant. When the appellant drove his car left of the center line, the troopers turned on their emergency equipment and stopped the vehicle.

Both troopers testified the appellant appeared to be intoxicated. Trooper Millender described the appellant as "a little unsteady," with blood shot eyes and a smell of alcohol about him. They arrested the appellant for driving while under the influence of alcohol. He was transported to the county jail, where he consented to a breathalyzer test. The results showed a blood alcohol content of .20%.

Appellant claims he never squealed his tires, drove at a fast speed, or crossed the center line. Although he admits that he had consumed three beers in a thirty to forty-five minute period, he testified he was not intoxicated.

■ The appellant contends the trial court committed reversible error when it refused to sustain his Motion to Suppress the results of the breathalyzer test, because the prosecution failed to establish the machine was maintained in accordance with the methods approved by the State of Oklahoma Board of Tests for Alcohol and Drug Influence (formerly known as the Board of Tests for Alcohol Influence). In a well-reasoned opinion by Judge Bussey, concurred in by Bliss, J. and Brett, J., this Court, on similar facts, reversed and remanded for a new trial. *Westerman v. State*, 525 P.2d 1359 (Okl.Cr.1974). The appellant's Motion to Suppress the results of a breathalyzer test was overruled, and

the appellant was convicted of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor.

On appeal, Westerman argued the test results were inadmissible because the state had not established that the breathalyzer machine was operated and maintained according to the rules of the Board of Chemical Tests for Alcohol Influence. In reaching its decision, this Court quoted at length from the rules pertaining to machine maintenance and stated, "Failure to comply with all the rules invalidates tests given on the equipment." *Westerman, Id.* at 1361.

This Court further held the appellant has no duty to show the test to be invalid, rather the state has the burden of proving compliance with all rules and regulations. *Westerman, Id.* at 1361.

The same reasoning applies with equal force to the case at bar. The admission of the test results was objected to repeatedly. While the test appears, from the troopers' testimony, to have been administered in accordance with the rules, the record reveals no mention of maintenance procedures by the state. Having failed to meet their burden of proving complete compliance with the Board's rules, the results of the breathalyzer should not have been admitted and the appellant's Motion to Suppress should have been granted.

While we do not discount the lay opinions of the two troopers in this case, a conviction based, in part, on the inadmissible results of a breathalyzer test cannot stand. Any type of scientific evidence, such as a breathalyzer test, can carry enormous weight with a jury. When the breathalyzer results were erroneously admitted, over defense objections, we cannot say that the admission was without prejudicial effect on the jury's verdict in this case. Accordingly, this case must be reversed and remanded for a new trial.

On remand, unless the state can show full compliance with all rules of the Board

of Tests for Alcohol and Drug Influence, the test results will be inadmissible.

■ The appellant also contends the troopers did not have probable cause to stop his car or make an arrest. We find probable cause existed for both actions. *Webster v. State,* 96 Okl.Cr. 44, 248 P.2d 646 (1952).

Improper questioning by the prosecutor is also complained of in this case. The statements objected to which may have been prejudicial were cured by admonishments to the jury. *Marks v. State,* 654 P.2d 652, 656 (Okl.Cr.1982).

Accordingly, for the foregoing reasons, the judgment and sentence is REVERSED AND REMANDED for a new trial not inconsistent with this opinion.

BUSSEY and BRETT, JJ., concur.

BUSSEY, Presiding Judge, concurring:

Although aware that he had failed to establish that the maintenance procedures on the breathalyzer equipment had been complied with, the prosecutor failed to elicit sufficient testimony to establish compliance. That he intended to do so is evidenced by his statements in the record; that he apparently forgot to do so thereafter is equally supported by the record. The State's assertion that the procedural requirements were established by Trooper Ruggs' affirmative answer to a prosecutorial question regarding whether the trooper had set the machine up and gone through all the procedures he had been taught is patently frivolous, as it wholly omits what the procedures were and the manner of compliance.