2002 OK CR 42

**Doyle Michael SANDERS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2001–1350.**

Court of Criminal Appeals of Oklahoma.

Dec. 19, 2002.

Rob L. Pyron, Brad Carter, Seminole, OK, Counsel for Defendant at trial.

William Peterson, District Attorney, Linda Evans, Terry Bard, Assistant District Attorneys, Holdenville, OK, Counsel for the State at trial.

Danny G. Lohmann, Norman, OK, Counsel for Appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, William R. Holmes, Assistant Attorney General, Oklahoma City, OK, Counsel for Appellee on appeal.

### *SUMMARY OPINION*

LUMPKIN, Presiding Judge:

¶ 1 Appellant Doyle Michael Sanders was tried by jury and found guilty of four counts of Second Degree Felony Murder (Counts I–IV) (21 O.S.1991, § 701.8(2)), and Causing a Personal Injury Accident while Under the Influence of Alcohol (Count V) (47 O.S.Supp. 1999, § 11–904), in Case No. CF–2000–55, in the District Court of Hughes County. The jury recommended as punishment fifty (50) years imprisonment in each count. The trial court sentenced accordingly, ordering the sentences in Counts I, II, and III to run concurrent to each other, and that the sentences in Counts IV and V run consecutively to each other and to Counts I, II, and III. It is from this judgment and sentence that Appellant appeals.

¶ 2 Appellant raises the following proposition of error in support of his appeal:

I. Appellant was improperly convicted because of the admission of evidence regarding a blood alcohol test.

II. The trial court erred in failing to properly instruct on all of the elements of the offenses.

III. The trial errors cumulatively deprived Appellant of a fair trial and reliable verdicts.

IV. Appellant's sentence is excessive and should be modified.

¶ 3 After a thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that neither reversal nor modification is warranted under the law and the evidence.

¶ 4 Appellant was the driver of a vehicle involved in an accident, which caused the death of four people and caused severe injuries to a fifth person. The results of his blood alcohol test showed his blood alcohol content to be .188. In his first proposition of error, Appellant contends the results of the blood alcohol test should not have been admitted at trial, as he was not under arrest at the time his blood was withdrawn.

¶ 5 In *Guest v. State,* 42 P.3d 289 (Okl.Cr. 2002), this Court held that under 47 O.S.Supp.1999, § 752(B) a person does not have to be placed under arrest before his or her blood can be withdrawn for drug or alcohol testing. *Id.* at 291. Appellant recognizes *Guest* but argues it is distinguishable from his case. First, he argues that unlike the first degree manslaughter charge in *Guest,* his charges of second degree felony murder have an underlying offense of driving while intoxicated. He asserts that 47 O.S.Supp.1999, § 11–902(A) specifically requires that a blood alcohol test be administered within two hours after the arrest of the person. He argues this requirement was not applied to the defendant in *Guest.* There-

fore, as *Guest* did not adhere to 47 O.S.Supp. 1999, § 11–902(A), it violates the principle of *stare decises* and should be overruled. Appellant further asserts that the specific provisions of 47 O.S.Supp.1999, § 11–902(A), driving while intoxicated, override the general provisions of 47 O.S.Supp.1999, § 10–104(B).

 ¶ 6 Both the present case and *Guest* involved fatality accidents. Although an alcohol related driving offense was the predicate crime in *Guest*, the charge was first degree manslaughter and the driving under the influence (DUI) provisions of 47 O.S.Supp.1999, § 11–902(A) were not an issue in the case. Therefore, the Court did not discuss any apparent conflicts between 47 O.S.Supp.1999, § 11–902(A) and 47 O.S.Supp. 1999, § 10–104(B). The present case appears to offer this Court the first opportunity to address the two statutes.

¶ 7 By its very language, § 10–104(B) specifically addresses fatality accidents, and recognizes the competing concerns involved in such a situation. By stating that the driver of any vehicle involved in a fatality accident must submit to drug or alcohol testing "as soon as practicable after such accident occurs," the Legislature seems to have recognized the unique circumstances of fatality accidents and the importance of getting medical treatment to all those injured as soon possible. The circumstances of the accident may require the providing of medical treatment to the injured to take precedence over any investigation into the cause of the accident.

¶ 8 Further, the statutory language referring to any driver involved in a fatality accident "who could be cited for any traffic offense" recognizes that it may not always be possible to issue a traffic citation or affect an arrest at the accident scene. Due to the circumstances of the particular accident, it may not be possible to come to a conclusion there at the site as to who caused the accident thereby providing a basis for the issuance of a traffic citation or arrest. Section 10–104(B) recognizes the State's need to secure and preserve evidence in an exigent situation where such evidence could otherwise be lost. As this case involves a fatality accident, § 10–104(B) is more specific than § 11–902, and is therefore the applicable provision.

¶ 9 Further, the facts of this case make the two hour provision of § 11–902 inapplicable as Appellant was not arrested until approximately one month after the accident. Section 11–902 applies in a situation where the defendant is placed under arrest at the accident scene or shortly after the accident occurred (for instance at the hospital). Section 11–902 does not come into effect until the person has been arrested. Once the arrest has been made, the police have two hours in which to withdraw the blood for the blood alcohol test. In the case of a fatality accident, where the person is not arrested at the scene or shortly thereafter (at the hospital), the police are under a duty to conduct the blood alcohol test as soon as practicable.

¶ 10 This interpretation is consistent with *Guest*. In *Guest*, this Court said § 10–104(B) is applied to all drivers involved in fatality accidents. In finding that the defendant's blood was properly withdrawn in *Guest*, this Court stated "under section 10–104(B), it is enough that Appellant was the driver of a vehicle involved in an accident, that he could be cited for a traffic offense and that the accident resulted in the immediate death of a person." 42 P.3d at 291.

¶ 11 Here, as Appellant was the driver of a vehicle involved in a fatality accident, and as he could have been cited for a traffic offense at the scene, but was not, his blood was properly withdrawn under the provisions 47 O.S.Supp.1999, § 10–104(B). Therefore, the results of Appellant's blood alcohol test were properly admitted at trial.

 ¶ 12 In his second proposition of error, Appellant contends that the jury was not properly instructed that the blood alcohol test had to be performed within two hours of the arrest. In his argument, Appellant asserts that as he was charged with second degree felony murder with the underlying offense being a violation of 47 O.S.Supp.1999, § 11–902(A), driving while intoxicated, the provisions of 47 O.S.Supp.1999, § 11–902(A) became an element of the offense of second degree felony murder. Appellant asserts the trial court erred in failing to include the provisions of § 11–902(A), administration of the blood test within two hours of the arrest, in the instruction on the elements of second

degree felony murder. This objection was raised at trial and overruled. Therefore, the issue has been properly preserved for appellate review.

¶ 13 As discussed in Proposition I, this case involved a fatality accident where Appellant could have been cited and/or arrested for a traffic offense at the scene of the accident, but was not. Therefore, the two hour after arrest provision of 47 O.S.Supp.1999, § 11–902(A) in which to draw blood for a blood alcohol test, not analyze it, is not applicable and the jury need not be instructed as to that provision.

¶ 14 The jury in this case was given a modified version of Oklahoma Uniform Jury Instructions—Criminal (2d) (hereinafter OUJI–CR) 6–24 which stated that the chemical analysis of the defendant's blood had to have been performed within two hours of the accident in order for the result of the analysis to be considered by the jury.[1] Although no legal authority has been provided or found for this modification, it appears to be based upon the two hours after arrest provision for the drawing of the blood in the unmodified version of OUJI–CR (2d) 6–24. The modification in this case was based on evidence that Appellant's blood was withdrawn approximately one hour and twenty minutes after the collision, just prior to his being medif-lighted to a Tulsa hospital. As Appellant has failed to show how he was prejudiced by the modified instruction, we find no error. *See Cook v. State,* 650 P.2d 863, 868 (Okl.Cr.1982) (the burden is upon the appellant to establish to the appellate court the fact that he was prejudiced in his substantial rights by the commission of the error).

¶ 15 In Proposition III, Appellant argues the accumulation of errors denied him a fair trial. In regards to specific errors, he contends that in the first stage of trial, the trial court misled the jury by failing to give proper instructions on the elements of the offense and by improperly admitting blood alcohol evidence. These allegations were addressed in Propositions of Error I and II, and no error warranting reversal was found.

¶ 16 As for the second stage of trial, Appellant argues the trial court erred in failing to instruct the jury that he would have to serve 85% of any sentence imposed before he could be considered for parole. Appellant has failed to offer any authority requiring such an instruction. Absent plain error we will not address assertions unsupported by legal authority. *Romano v. State,* 909 P.2d 92, 117 (Okl.Cr.1995). Finding no plain error, we do not address the merits of this claim.

¶ 17 This Court has held that a cumulative error argument has no merit when this Court fails to sustain any of the other errors raised by Appellant. *Clayton v. State,* 892 P.2d 646, 657 (Okl.Cr.1995); *Ashinsky v. State,* 780 P.2d 201, 209 (Okl.Cr.1989). None of the assignments of error herein have merit; therefore, this assignment of error is rejected.

¶ 18 In Proposition IV, Appellant contends his sentence is excessive and that if his convictions are affirmed, his sentences should be reduced. Appellant admits his sentences are within statutory limits but he contends that under a proportionality analysis, the sentences do not bear a direct relationship to the nature and circumstances of the offense.

¶ 19 This Court has repeatedly held that if a sentence is within the statutory guidelines, we will not disturb that sentence unless, under the facts and circumstances of the case, it is so excessive as to shock the conscience of the Court. *Bartell v. State,* 881 P.2d 92, 101 (Okl.Cr.1994). This Court has previously rejected requests for a proportionality analysis. *Rea v. State,* 34 P.3d 148 (Okl.Cr.2001).

¶ 20 In the present case, Appellant was driving with a blood alcohol content of .188, after having been previously convicted of two DUIs and two non-driving related felonies. Appellant's conduct caused the deaths of the two people riding with him. His conduct also caused the death of the unsuspecting driver and passenger of an approaching van. As result, a 9 year old child was severely injured

1. OUJI–CR (2d) 6–24 (without the modification) reads in pertinent part:
 If you find that a chemical analysis of the defendant's blood/breath was performed within two hours of his/her arrest, then the results of this analysis may be considered by you as to the issue of whether (the defendant was under the influence of alcohol)/(the defendant's ability to drive a motor vehicle was impaired).

and left an orphan only days before Christmas. Appellant's extremely dangerous conduct and disregard for human life, along with his prior criminal record warrant the sentence imposed in this case. Accordingly, modification of the sentence imposed is not warranted.

¶ 21 Accordingly, this appeal is denied.

### DECISION

¶ 22 The Judgment and Sentence is *AF-FIRMED.*

JOHNSON, V.P.J., STRUBHAR and LILE, JJ. concur.

CHAPEL, J., concur in result.