2013 OK CR 4

**Warren Lee BEMO, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–2011–1116.

Court of Criminal Appeals of Oklahoma.

March 19, 2013.

An Appeal from the District Court of Tulsa County; the Honorable William J. Musseman, District Judge.

E. Zach Smith, Tulsa, OK, counsel for defendant at trial and appeal.

Stuart Ericson, Assistant District Attorney, Tulsa, OK, counsel for the state at trial.

E. Scott Pruitt, Attorney General of Oklahoma, Thomas Lee Tucker, Assistant Attorney General, Oklahoma City, OK, counsel for the state on appeal.

### SUMMARY OPINION

LUMPKIN, Judge.

¶ 1 Appellant, Warren Lee Bemo, was tried by jury and convicted of First Degree Manslaughter (21 O.S.2001, § 711(1)), After Former Felony Conviction, in the District Court of Tulsa County, Case Number CF–2009–5228. The jury recommended as punishment imprisonment for twenty-seven (27) years and a fine in the amount of $5,000.00. The trial court sentenced accordingly.[1] It is from this judgment and sentence that Appellant appeals.

¶ 2 Appellant raises the following propositions of error in this appeal:

I. Whether blood seized from a defendant who is not under arrest at the time of the seizure may be used in a subsequent criminal prosecution for the purposes of proving the blood alcohol concentration therein.

II. Whether a paramedic is authorized under Oklahoma law to withdraw blood for the purposes of determining the blood alcohol concentration therein.

---

1. Pursuant to 21 O.S.Supp.2009. § 13.1, Appellant will be required to serve 85% of his sentence before being eligible for parole.

¶ 3 After thorough consideration of these propositions and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we have determined that neither reversal nor modification of sentences is warranted under the law and the evidence.

■ ¶ 4 Appellant raises two separate challenges to the admission of the blood test results indicating his blood alcohol concentration on the night of the offense. We note that he has not raised a Fourth Amendment challenge to the admission of this evidence within the propositions of error raised in his Brief. To the extent that Appellant raises a Fourth Amendment claim in his reply brief, the issue is deemed waived. Rule 3.4(F)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 19, App. (2012) ("Any propositions of error advanced for the first time in any reply brief shall be deemed waived and forfeited for consideration."). Thus, we determine Appellant's claims of error under state law.

■ ¶ 5 As to Proposition One, we find that the trial court did not abuse its discretion in the admission of the blood test evidence. *West v. State,* 1990 OK CR 61, ¶ 16, 798 P.2d 1083, 1087. An arrest is not a prerequisite for the withdrawal of blood under 47 O.S.2011, § 10–104(B). *Guest v. State,* 2002 OK CR 5, ¶ 6, 42 P.3d 289, 290. In the present case, Appellant was the driver of a vehicle involved in a fatality accident; he could have been cited for a traffic offense at the scene; but he was not; and he was not placed under arrest. As such, we find that § 10–104(B) is more specific than 47 O.S. 2011. §§ 753, 756 and is therefore the applicable provision. *See Sanders v. State,* 2002 OK CR 42, ¶ 8, 60 P.3d 1048, 1050. The plain language of both § 753 and § 756(A) reveals that they do not apply to Appellant's case because he was not placed under arrest. *See State v. Young,* 1999 OK CR 14, ¶ 27, 989 P.2d 949, 955. We further find that 47 O.S. 2011, § 751(A)(1), does not apply to the present case because Appellant was not removed from the scene of the accident to a hospital or other health care facility outside the State before he could be arrested. As Appellant was the driver of a vehicle involved in a fatality accident; he could have been cited for a traffic offense at the scene, but was not; he was not removed from the scene to a hospital outside the State; and he was not placed under arrest, his blood was properly withdrawn under the provisions of § 10–104(B). *Sanders,* 2002 OK CR 42, ¶ 11, 60 P.3d at 1050; *Guest,* 2002 OK CR 5, ¶ 6, 42 P.3d at 290. Proposition One is denied.

■ ¶ 6 As to Proposition Two, we find that the trial court did not abuse its discretion in the admission of the blood test evidence. *West,* 1990 OK CR 61, ¶ 16, 798 P.2d at 1087. The Legislature specifically authorized the Board of Tests for Alcohol and Drug Influence to authorize qualified persons to withdraw blood for the purpose of having a determination made of its concentration of alcohol or the presence or concentration of other intoxicating substance. 47 O.S.2011, § 752(A). The Board of Tests has enacted a rule concerning who is authorized to withdraw blood for this purpose. This rule provides, in part, that "other persons designated by law" are authorized to withdraw blood. Oklahoma Administrative Code ("OAC") 40:10–9–1(a) (2012)[2] In accordance with 75 O.S.2011, § 302(A)(3), the Board of Tests has

2. The rule states:

**Persons authorized to withdraw blood**

(a) **Authority to withdraw blood.** Licensed medical doctors, licensed osteopathic physicians, registered nurses, licensed practical nurses, and other persons designated by law (47 O.S., Section 752) are authorized to withdraw blood for the purpose of determining the concentration of alcohol or other intoxicating substance therein, when acting at the request of a law enforcement officer or of an arrested person under the provisions of Title 47, Oklahoma Statutes.

(b) **Permits.** The current and valid license, registration, practice certificate or other official document entitling its holder to engage in the practice of the respective profession and issued by the respective Oklahoma healing arts licensing body to any qualified practitioner enumerated above is deemed by the Board of Tests for Alcohol and Drug Influence to be a valid Permit to Withdraw Blood under the provisions of Title 47, Oklahoma Statutes.

O.A.C. 40:10–9–1 (2012).

also promulgated Action No. 01–1, which provides that EMT paramedics licensed with the National Registry and the State Health Department are authorized to withdraw blood under OAC 40:10–9–1.[3] We find that this written policy statement or interpretation of OAC 40:10–9–1(a) is not plainly erroneous or inconsistent with the language of OAC 40:10–9–1(a). We note that prior to the Board of Tests promulgation of Action No. 01–1, the State Health Department authorized licensed EMT paramedics to perform venipuncture to obtain blood samples. OAC 310:41–5–30 (2012). We determine that an EMT paramedic licensed with the National Registry and the State Health Department is authorized under state law to withdraw blood for the purpose of having a determination made of its concentration of alcohol or the presence or concentration of other intoxicating substance. As the individual that withdrew Appellant's blood was an EMT paramedic licensed with the National Registry and the State Health Department, we find no error occurred in the admission of Appellant's blood test results. Proposition Two is denied.

## DECISION

¶7 The judgment and sentence is **AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2013), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LEWIS, P.J., SMITH, V.P.J., C. JOHNSON and A, JOHNSON, JJ.: concur.

---

**3.** Action No. 01–1, states:
   *Persons Authorized to Withdraw Blood*

(1) The State Director of Tests for Alcohol and Drug Influence hereby designates, specifies, and approves the following medical professions to withdraw blood in the performance of their duties and as prescribed in O.A.C. 310:41–5–30(B)(3), 310:641–5–30(c)(1) of the Oklahoma Department of Health, Protective Services, Emergency Medical Services.

(2) Those professions classified as Emergency Medical Technicians at the levels of Intermediate and Paramedic must be currently licensed with the National Register and State Health Department, Emergency Medical Services.
(3) Designation of the above approval does not rescind other current approvals from other approved sources.