FILED
United States Court of Appeals
Tenth Circuit

December 12, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

DOYLE M. SANDERS,

    Petitioner-Appellant,

v.

JANET DOWLING, Warden,

    Respondent-Appellee.

No. 14-7084

(D.C. No. 13-CV-498-JHP-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND
DISMISSING APPEAL**
_____

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

Doyle Sanders, an Oklahoma state prisoner appearing pro se, seeks to appeal the district court's denial of his 28 U.S.C. § 2254 petition. We construe pro se filings liberally. See Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). The district court dismissed Sanders's petition as time-barred under 28 U.S.C. § 2244 and denied his request for a certificate of appealability ("COA"). Sanders now asks us to grant him a COA and hear his appeal. He argues the Supreme Court in Missouri v. McNeely, 133 S. Ct. 1552 (2013), recognized a new constitutional right that applies retroactively to cases on collateral review and therefore his petition, which relies on McNeely, is timely under § 2244(d)(1)(C). He is mistaken. Even assuming McNeely recognized a new constitutional right, the right does not apply retroactively to cases on collateral review.

Sanders's appeal is therefore clearly time-barred. Accordingly, we deny his application for a COA, and dismiss his appeal.

A more thorough recitation of the facts underlying Sanders's state convictions can be found in Sanders v. State, 60 P.3d 1048 (Okla. Crim. App.). What matters for our purposes is that Sanders's state convictions stem, at least in part, from the fact that (1) he "was the driver of a vehicle involved in an accident, which caused the death of four people and caused severe injuries to a fifth person," and (2) the results of his blood alcohol test, which were admitted at trial, "showed his blood alcohol content to be .188." Id. at 1149. Sanders challenged the admission of his blood alcohol test results in state court, but to no avail, and his convictions were affirmed on December 19, 2002. See id.

Sanders does not challenge the reality that his petition would be untimely under § 2244(d)(1)(A), (B), and (D). He argues only that, insofar as his petition relies on a new constitutional right recognized in McNeely, the petition is timely under § 2244(d)(1)(C), which allows for a one-year limitation period, running from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In McNeely, Supreme Court held that, "in drunk-driving investigations, the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant." 133 S. Ct. at 1568. But even assuming this amounts to the recognition of a new constitutional right for purposes of § 2244(d)(1)(C), that right would not apply retroactively to cases on collateral review.

-2-

Indeed, we have held that a new rule "will apply retroactively [to cases on collateral review] only if it falls within one of the two narrow exceptions to the retroactivity bar outlined in [Teague v. Lane, 489 U.S. 288 (1989)]." United States v. Chang Hong, 671 F.3d 1147, 1156–57 (10th Cir. 2011). Under Teague, "[a] new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive, or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Id. at 1157 (quotation marks omitted). A substantive rule is one that alters the range of conduct or the class of persons that the law punishes. By contrast, a procedural rule regulates only the manner of determining the defendant's culpability. Id.

The rule in McNeely is procedural, not substantive. It regulates only the manner in which law enforcement can perform nonconsensual blood testing during drunk-driving investigations consistent with the Fourth Amendment. See McNeely, 133 S. Ct. at 1568. "Thus, only the second Teague exception might apply here—as a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Chang Hong, 671 F.3d at 1157. "To surmount this 'watershed' requirement, a new rule (1) must be necessary to prevent an impermissibly large risk of an inaccurate conviction, *and* (2) must alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." Id. (emphasis added).

McNeely cannot clear the first hurdle of the "watershed" test. McNeely deemed warrantless nonconsensual drawing of a suspect's blood potentially problematic because it implicates a suspect's "most personal and deep-rooted expectations of privacy" against

"compelled physical intrusion beneath [the suspect's] skin and into his veins." McNeely, 133 S. Ct. 1552 at 1558, 1560. The opinion nowhere implies that the nonconsensual drawing of a suspect's blood during a drunk-driving investigation might create even a slight risk of an inaccurate conviction, and we fail to see how such a risk could arise. As such, the rule in McNeely is in no way necessary to prevent an impermissibly large risk of an inaccurate conviction. Given that the rule in McNeely cannot surmount the first hurdle of the "watershed" test, we need not address the second.

In sum, because McNeely states, at most, a procedural rule that in no way implicates a risk of inaccurate conviction, "[i]t is not within either of the extremely narrow Teague exceptions to the retroactivity bar." Chang Hong, 671 F.3d at 1159. Sanders's sole timeliness argument is therefore wholly without merit, and his petition is indeed clearly time-barred under § 2244(d)(1).

For the reasons set forth above, Sanders's request for a COA is DENIED and his appeal is DISMISSED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge