2016 OK CR 26

The STATE of Oklahoma, Appellant,

v.

Matthew John HOVET, Appellee.

No. S-2016-124

Court of Criminal Appeals of Oklahoma.

FILED NOVEMBER 30, 2016

ATTORNEYS AT TRIAL, NICOLAS LEE, HUNSUCKER LEGAL GROUP, 600 WEST SHERIDAN AVE., OKLAHOMA CITY, OK 73102, ATTORNEY FOR DEFENDANT

LYNN LAWRENCE, ASSISTANT DISTRICT ATTORNEY, P.O. BOX 36, ARAPAHO, OKLAHOMA 73620, ATTORNEY FOR STATE

ATTORNEYS ON APPEAL, LYNN LAWRENCE, ASSISTANT DISTRICT ATTORNEY, P.O. BOX 36, ARAPAHO, OKLAHOMA 73620, ATTORNEY FOR APPELLANT

NICOLAS LEE, HUNSUCKER LEGAL GROUP, 600 WEST SHERIDAN AVE., OKLAHOMA CITY, OK 73102, ATTORNEY FOR APPELLEE

### SUMMARY OPINION GRANTING STATE'S APPEAL

SMITH, PRESIDING JUDGE:

¶ 1 Matthew John Hovet was charged with Driving a Motor Vehicle Under the Influence of Alcohol in violation of 47 O.S.Supp.2013, § 11–902(A)(1) in the District Court of Custer County, Case No. CM–2015–292. After a February 18, 2016, hearing, the Honorable Donna Dirickson, Special Judge, sustained in part Hovet's Motion to Suppress. The State

timely appeals this decision under 22 O.S. 2011, § 1053(5).

¶ 2 The State raises two propositions of error in support of its appeal:

I. The District Court erred in suppressing the breath test of the Appellee because the rules, resolutions and director actions followed by law enforcement in this case are valid under the Administrative Procedures Act and consistent with this Court's prior rulings.

II. The District Court erred in suppressing the breath test of the Appellee because 47 O.S. § 759 does not require the State to prove existing Board of Tests rules, resolutions and director actions were properly promulgated under the Administrative Procedures Act.

¶ 3 The trial court granted Hovet's motion to suppress his breath test. This decision suppresses evidence constituting a substantial part of the proof of the charge against Hovet, and impairs the State's ability to prosecute the case. 22 O.S.2011, § 1053(5). This appeal is thus proper under § 1053(5). We find appellate review is in the best interests of justice. *State v. Feeken*, 2016 OK CR 6, ¶ 1 n.1, 371 P.3d 1124, 1125 n.1.

¶ 4 In appeals brought under § 1053, we review a trial court's decision for abuse of discretion. *State v. Blacksher*, 2016 OK CR 8, ¶ 5, 371 P.3d 1131, 1132. Where the ruling was on a motion to suppress, we accept the district court's factual findings supported by evidence, and review the legal conclusions *de novo. Feeken*, 2016 OK CR 6, ¶ 3, 371 P.3d at 1125. An abuse of discretion is any unreasonable or arbitrary action made without proper consideration of the relevant facts and law, also described as a clearly erroneous conclusion and judgment, clearly against the logic and effect of the facts. *Neloms v. State*, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170.

¶ 5 The court below granted Hovet's motion to suppress his breath test because it found that the Board of Tests for Alcohol and Drug Influence (Board) rules and regulations were not correctly promulgated under the Administrative Procedures Act (APA). In this appeal, the State first argues that the rules, resolutions, etc., used in this case are valid under the APA. In the second proposition, the State argues that, in a criminal case, the State is not required to prove that the Board's rules, etc., in effect at the time of a prosecution were properly adopted under the APA. We begin with the resolution of the second proposition, which renders the first proposition moot.

¶ 6 Before admitting the results of a breath or blood test in a prosecution for driving under the influence, the State must show that the collection and analysis of blood complied with rules adopted by the Board. 47 O.S.2011, Supp.2013, §§ 756(A), 759(B); *Westerman v. State*, 1974 OK CR 151, ¶ 11, 525 P.2d 1359, 1361–62. The Legislature created the Board in large part to promulgate rules and regulations concerning the maintenance and operation of breathalyzer equipment. No test run on that equipment is valid unless the testing procedures comply with the rules. *Westerman*, ¶ 10, 525 P.2d at 1361. *Westerman*, discussing breathalyzer equipment issues, held that the State's burden may be satisfied by testimony showing compliance with the regulations. *Id.*, ¶ 11, 525 P.2d at 1362. Section 756 allows for DUI prosecutions and requires compliance with the Board's existing rules. 47 O.S.2011, § 756(A). It is clear that law enforcement is required to rely on and comply with existing Board rules and regulations, in order to successfully use test results in prosecuting cases alleging driving under the influence. However, neither Oklahoma statutes, *Westerman*, nor any other case from this Court require the State to show that the Board's regulations were correctly promulgated before a test is admissible in a criminal prosecution.

¶ 7 Hovet argues that the APA rule-making process did not allow the Board to promulgate substantive policies by resolution or another written policy statement, rather than by rule. Hovet, and the court below, relied on a Court of Civil Appeals opinion, *Sample v. State ex rel. Dept. of Public Safety*, 2016 OK CIV APP 62, 382

P.3d 505.[1] Hovet admits that this opinion is in no way binding on this Court, but argues that this Court should consider it in determining whether the rules were correctly promulgated. Hovet, and the court below, have mistakenly used a civil rule-making process to challenge admissibility of tests (or other evidence) in criminal cases. The APA is not an Act governing, or in any way concerned with, criminal procedure or criminal law rulemaking. The APA is found in Title 75, which governs statutes and laws. The APA replaced the chapter of Title 75 dealing with state agency rules and regulations.[2] Should a litigant wish to challenge the method an agency uses to promulgate a rule under the APA, that challenge lies in civil court. The APA states that rules promulgated pursuant to its provisions are presumed valid until declared otherwise by a district court or the Oklahoma Supreme Court. 75 O.S.2011, § 306(C). The validity of an agency rule may be challenged in an action for declaratory judgment. 75 O.S.2011, § 306(A). Judicial review of agency decisions—including review of declaratory judgments and issues of validity, and review or redress of constitutional issues separate from agency decisions—lies as a civil proceeding in district court, with appellate review in the Oklahoma Supreme Court. 75 O.S.2011, §§ 318, 322, 323. In fact, Hovet refers this Court to several cases from the Oklahoma Supreme Court and Court of Civil Appeals, apparently failing to realize the jurisdictional significance of those references. Those courts, not this Court, are the appropriate venue to decide whether an agency has properly promulgated a rule under the APA.[3]

¶8 In criminal cases, the trial court and this Court must decide whether prosecutors and law enforcement have complied with existing Board rules and regulations. When considering the admissibility of blood test evidence, this Court found that a Board written policy statement or interpretation not inconsistent with the Board's rules and promulgated in the Oklahoma Administrative Code could be used to determine whether the Board's rules were followed. *Bemo v. State*, 2013 OK CR 4, ¶6, 298 P.3d 1190, 1191–92. In an unpublished opinion, this Court has found test results inadmissible where the Board failed to publish any rules; that lack of published rules meant that the State was unable to show compliance with rules, as required by 47 O.S.Supp.2013, § 759(B). *Gier v. State*, No. F–2013–691 (Okla.Crim. Sept. 12, 2014) (not for publication). *Gier* does not apply here, as both sides agree the Board has published rules governing the equipment at issue, and Hovet does not argue that the State failed to show compliance with the published rules. The trial court misunderstood the scope of *Gier* and combined that misunderstanding with a misplaced reliance on *Sample*, to conclude that the Board's alleged failure to comply with the APA required suppression of the evidence in Hovet's case.

¶9 The record suggests that the prosecution and law enforcement complied with existing Board rules, in conducting and seeking to admit evidence of Hovet's breath test. Hovet does not claim otherwise. Claims of error in testing affect the weight, but not the admissibility, of scientific or technical evidence. *Taylor v. State*, 1995 OK CR 10,

1. This case was originally decided by the Court of Civil Appeals of the State of Oklahoma on November 6, 2015, and was at that time released for publication by order of the Court of Civil Appeals, Rule 1.200(d)(2), Oklahoma Supreme Court Rules, Title 12, App. 1 (2016). The Oklahoma Supreme Court denied certiorari in the case on September 26, 2016, and it was subsequently published. The opinion was unpublished at the time of the proceedings in Hovet's case below.

2. Title 75 also includes the Oklahoma Small Business Regulatory Flexibility Act, and the statutes governing the making and basic interpretation of statutes and session laws. 75 O.S.2011,

§§ 501–507; 75 O.S.2011, §§ 11–26.42. All these, again, are civil matters.

3. We note that the Court of Civil Appeals has twice recently addressed the intersection of the APA and Board of Tests rules. *Manning v. State ex rel. Dept. of Public Safety*, 2003 OK CIV APP 57, 71 P.3d 527; *Sample v. State ex rel. Dept. of Public Safety*, 2016 OK CIV APP 62, 382 P.3d 505. The Oklahoma Supreme Court's denial of certiorari in *Sample* effectively affirmed the decision, and it was subsequently published. We express no opinion regarding the holdings of these cases, as the subject matter is within civil, not criminal, jurisdiction.

¶ 10, n.13, 889 P.2d 319, 324, n.13. Hovet does not claim error in the testing procedure; he argues that the rules and regulations governing the testing equipment and its use were incorrectly promulgated. This challenge might go to the evidence's weight, but the test and its results are admissible in this criminal prosecution under the relevant statutes and case law. If Hovet wishes to challenge the method by which the Board promulgated its rules and regulations, he may do so in civil court. Proposition II is granted.

### DECISION

¶ 10 The Order of the District Court of Custer County sustaining Hovet's Motion to Suppress is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this Opinion. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LUMPKIN, V.P.J.: CONCUR

JOHNSON, J.: CONCUR

LEWIS, J.: CONCUR

HUDSON, J.: CONCUR