STATE v. HODGES



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE v. HODGES

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE v. HODGES
2020 OK CR 2
Case Number: S-2019-269
Decided: 01/30/2020
THE STATE OF OKLAHOMA, Appellant, v. JESSEN EVANN HODGES, Appellee.
Cite as: 2020 OK CR 2, __ __

 

 

SUMMARY OPINION

KUEHN, VICE PRESIDING JUDGE:

¶1 Jessen Hodges, Appellee, was charged with Misdemeanor Manslaughter in violation of 21 O.S.2011, § 711, in the District Court of Grant County, Case No. CF-2017-29.[1] After a hearing on April 12, 2019, the Honorable Paul K. Woodward granted Appellee's Motion to Suppress. The State timely appealed this decision under 22 O.S.2011, § 1053(5).

¶2 Appellee raises three propositions of error in support of the appeal:

I. Does the Oklahoma Administrative Code 40:20-1-3(C) violate the separation of powers between the executive branch and judicial branch, when the administrative code that was created by the executive branch defines competent evidence in a DUI as being two vials of blood when a core power of the judicial branch is to determine what competent evidence in a DUI proceeding is?

II. Can the Oklahoma Administrative Code 40:20-1-3(C) jump over the Oklahoma state line into Kansas and tell a Kansas Highway Patrol officer to follow Oklahoma law instead of his own jurisdiction's law in how to draw blood in a DUI wreck, when a defendant in a DUI wreck that involves death to another human being in Oklahoma was transported to Kansas for emergency medical care and the blood draw was performed by a Kansas trooper at the request of the Oklahoma Highway Patrol?

III. Does the Oklahoma Administrative Code 40:20-1-3(C) require a Kansas Highway Patrol trooper to ignore Kansas law and follow Oklahoma law in the state of Kansas when a defendant in a DUI wreck that involves death to another being in Oklahoma was transported to Kansas for emergency medical care and the blood draw was performed at the request of the Oklahoma Highway Patrol?

¶3 After thorough consideration of the entire record before us, including the original record, transcripts, exhibits and briefs, we reverse and remand for further proceedings. We review a trial court's decision to grant or deny a motion to suppress for abuse of discretion; "we accept the district court's factual findings supported by evidence, and review the legal conclusions de novo." State v. Hovet, 2016 OK CR 26, ¶ 4, 387 P.3d 951, 953. "An abuse of discretion is any unreasonable or arbitrary action made without proper consideration of the relevant facts and law, also described as a clearly erroneous conclusion and judgment, clearly against the logic and effect of the facts." Id.

¶4 The State's argument on appeal is very similar to those it raised below. Essentially, the State argues that we can't expect Kansans to follow Oklahoma law, and because the Kansas law was followed, the test results should have been admitted. There are two problems with this argument. The first reflects a basic misunderstanding of the law; the second fails on the facts.

¶5 First, the issue here is not, as the State argues, whether Oklahoma can force Kansas employees to follow Oklahoma law, nor is it whether Kansas law is comparable to Oklahoma law in this area. The question is which law governs admissibility of evidence in an Oklahoma prosecution -- Oklahoma's or Kansas's. The answer, of course, is Oklahoma law.

¶6 There is no dispute about the Oklahoma law. The Legislature created the Board of Tests to oversee collection of a person's blood, breath, saliva, or urine to test alcohol content, for use as evidence in Oklahoma courts. The Legislature further required that the Board prescribe uniform standards, conditions, methods, procedures, techniques, devices, equipment and records for such collection and use; and required those uniform standards, etc., to be used by persons collecting or withdrawing blood. 47 O.S.Supp.2015, § 759; 47 O.S.2011, § 752.[2] "Before admitting the results of a breath or blood test in a prosecution for driving under the influence, the State must show that the collection and analysis of blood complied with rules adopted by the Board." Hovet, 2016 OK CR 26, ¶ 6, 387 P.3d at 953. Taken together, the statutes, case law, and Board of Tests rules set forth specific requirements and procedures that must be followed before a blood test is admissible in an Oklahoma prosecution. These include but are not limited to specific written notification of consent, certifications for medical personnel, and specific test kit requirements. While there is very little in the record regarding the Kansas law concerning blood draws, evidence showed significant differences in the requirement of written notice of consent and the number of vials to be taken.

¶7 The State admits that Oklahoma law was not followed in the collection of Appellee's blood. In three propositions, the State argues that this omission should not matter. These propositions, which are addressed below, are not persuasive. The statutes and Board of Tests rules, combined, do not permit admission of a blood test where the blood was not taken in accordance with Oklahoma law. Given this, we cannot find the trial court abused its discretion in suppressing the evidence for this reason. Hovet, 2016 OK CR 26, ¶ 4, 387 P.3d at 953.

¶8 However, this does not mean that test results from another jurisdiction may never be admitted in an Oklahoma court on the issue of intoxication. There will be times, as occurred here, where a person arrested in Oklahoma is treated in a different state, and will undergo a blood test for alcohol content in furtherance of the Oklahoma investigation. It is not only likely but probable that out-of-state testing will be conducted according to that state's laws, rather than the laws of Oklahoma. Nothing in the statutory scheme suggests that the Legislature did not intend results from those tests to be admissible in a subsequent Oklahoma court proceeding. As part of the statutes governing admission of chemical tests, the Legislature provided:

The provisions of Sections 751 through 761 of this title do not limit the introduction of any other competent evidence bearing on the question of whether the person was under the influence of alcohol or any other intoxicating substance, or the combined influence of alcohol and any other intoxicating substance.

47 O.S.2011, § 757 (emphasis added). Clearly, a blood test taken in accordance with another state's laws, and admissible in a comparable court proceeding in that state, would be competent evidence under Section 757. As with tests offered under Oklahoma law, the State has the burden to show that tests from another state comply with that state's laws and would be admissible in that state's courts. See Hovet, 2016 OK CR 26, ¶ 6, 387 P.3d at 953. If that burden is met, the results of a blood test from another state should be admissible as competent evidence under Section 757. In making that determination, the parties and the trial court are not undertaking a comparison between Oklahoma's laws and the laws of another state. The question is not whether the procedures or tests are comparable to and meet the requirements of Oklahoma law. Rather, to admit evidence of an out-of-state test under Section 757, an Oklahoma court may consider evidence that the out-of-state test was conducted according to that state's procedures, and whether it would be admissible under that state's law.

¶9 The record shows that the trial court did not consider whether the evidence below met the threshold for admissibility under Section 757. Although the parties agreed that the Oklahoma Board of Tests standards were not met, the evidence below focused on whether the evidence was comparable to evidence which would be properly admitted under those standards. The trial court's ruling here was limited to that issue. Consequently, the trial court did not determine whether the blood draw was conducted according to Kansas procedures and would have been admissible in Kansas under Kansas law. The trial court thus was unable to use that determination to consider whether this evidence would be admissible as "competent evidence" under Section 757. We remand the case for that determination and consideration.

¶10 We turn briefly to the State's propositions of error. Rather than attempt to work within Oklahoma law, the State argues in Proposition I that the law should be overturned. The State claims that the Legislature's exercise of its authority to direct the Board of Tests to make rules regarding blood alcohol testing violates the separation of powers, because it amounts to the Legislature telling the judiciary what evidence is admissible in DUI proceedings. As a general proposition this makes no sense. The Legislature, after all, enacted the evidence code specifically to govern admissibility of evidence in criminal proceedings; in addition, the Legislature defines elements of each crime through statute, thus restricting what may be used to prove a crime.

¶11 And as Appellee notes, this Court has already decided the State's specific question of the Legislature's ability to delegate authority. Delegation of rules or regulations "governing a matter highly technical and scientific is perhaps the clearest example of what is properly an administrative and delegable function." Synnott v. State, 1973 OK CR 426, ¶ 19, 515 P.2d 1154, 1157-58, overruled on other grounds by Harris v. State, 1989 OK CR 15, 773 P.3d 1273. We held explicitly that delegation of rulemaking authority to the Board of Tests was not unconstitutional. Id. at ¶ 20, 515 P.2d at 1158. The State offers no persuasive argument or authority otherwise. In this proposition, the State also appears to argue that Section 759 and the Board of Test rules conflict with the rules of evidence regarding expert testimony under 12 O.S.2011, § 2702 and Taylor v. State, 1995 OK CR 10, 889 P.2d 319. This argument is not persuasive. Proposition I is denied.

¶12 In Propositions II and III, the State asks this Court to determine whether a Kansas trooper must follow Oklahoma law when conducting an investigation at the request of an Oklahoma law enforcement officer, and whether Section 759 conflicts with other law. As we discuss above, out-of-state test results which are "competent" are admissible under Section 757. Our resolution of this issue renders these propositions moot.

DECISION

¶13 The decision by District Court of Grant County granting the Motion to Suppress is REVERSED. The case is REMANDED for further proceedings. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2020), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY
THE HONORABLE PAUL K. WOODWARD, DISTRICT JUDGE

 
 
 
 ATTORNEYS AT HEARING
 ON MOTION TO SUPPRESS

 RICHARD A. JOHNSON
 HOLMES AND YATES, PLLC
 P.O. BOX 750
 PONCA CITY, OK 74602
 COUNSEL FOR DEFENDANT

 STEVEN A. YOUNG
 ASST. DISTRICT ATTORNEY
 GRANT CO. COURTHOUSE
 112 E. GUTHRIE, RM. 201
 MEDFORD, OK 73759
 COUNSEL FOR THE STATE
 
 
 ATTORNEYS ON APPEAL

 STEVEN A. YOUNG
 ASST. DISTRICT ATTORNEY
 GRANT CO. COURTHOUSE
 112 E. GUTHRIE, RM. 201
 MEDFORD, OK 73759
 COUNSEL FOR APPELLANT/STATE

 RICHARD A. JOHNSON
 HOLMES AND YATES, PLLC
 P.O. BOX 750
 PONCA CITY, OK 74602
 COUNSEL FOR APPELLEE
 
 
 

OPINION BY KUEHN, V.P.J.

LEWIS, P.J.: CONCUR
LUMPKIN, J.: CONCUR IN RESULTS
HUDSON, J.: SPECIALLY CONCUR
ROWLAND, J.: CONCUR

FOOTNOTES

[1] Appellee was charged with misdemeanor manslaughter in the alternative: driving under the influence, or reckless driving. Suppression of the evidence of Appellee's blood test would not affect a prosecution on the second alternative, and the case was not dismissed.

[2] The Legislature has also provided for a person's implied consent to a blood or breath test for alcohol concentration under certain circumstances, along with specific procedures which include compliance with Board of Tests rules. 47 O.S.2011, § 751. Sections 751 and 752 have been amended since Appellee was charged, but the amendments do not affect the analysis of this claim.

LUMPKIN, JUDGE: CONCURRING IN RESULTS:

¶1 I concur in reversing the trial court's grant of the motion to suppress. I write separately to reiterate that it is the responsibility of the trial court to initially determine the admissibility of blood evidence.

¶2 Trial courts determine the admissibility of evidence. Instruction No. 1-8A, OUJI-CR(2d) ("It is my responsibility as the judge to insure the evidence is presented according to the law . . ."). In carrying out this responsibility, trial courts routinely make pre-trial admissibility determinations regarding various types of evidence. See Bench v. State, 2018 OK CR 31, ¶¶ 37-58, 431 P.3d 929, 948-52 (pre-trial determination of the admissibility of the appellant's statements); Terry v. State, 2014 OK CR 14, ¶ 5, 334 P.3d 953, 954 (pre-trial determination of the admissibility of evidence discovered during a law enforcement search of a closet). Once evidence is admitted, the jury determines the weight it will give the evidence. See Instruction No. 1-8A, OUJI-CR(2d) ("It is your responsibility as jurors to determine the credibility of each witness and the weight to be given the testimony of the witness."). In this case, the law provides that certain procedures mandated by the Board of Tests for collection and testing of blood for purposes of determining its alcohol content must be followed before the trial court can find blood evidence admissible. 47 O.S.Supp.2015, § 759(B). Accordingly, the State bore the burden to show the collection and testing of the blood evidence herein complied with the Board of Tests' requirements. The provisions of Section 759(B) providing for the admissibility of blood evidence are similar to those of 12 O.S.Supp.2013, § 2803.1, which require the trial court to make certain determinations about the child's statement before finding the statement admissible.

¶3 The record shows that the State did not comply with the procedures set forth by the Board of Tests regarding collection of blood evidence. However, a failure to comply with those procedures does not mean that blood evidence is automatically inadmissible, as alluded to by the State. The Legislature provided as follows in 47 O.S.2011, § 757: "The provisions of Sections 751 through 761 of this title do not limit the introduction of any other competent evidence bearing on the question of whether the person was under the influence of alcohol or any other intoxicating substance, or the combined influence of alcohol and any other intoxicating substance."

¶4 The Oklahoma Legislature has properly enacted the Oklahoma Evidence Code at 12 O.S.2011, § 2101, et. seq. The Evidence Code provides the framework for trial courts to determine the admissibility of evidence in any particular case. I question the authority of an independent State agency to ipso facto determine the admissibility of pieces of evidence in a criminal proceeding in contravention of the judicial branch of the government's duty, i.e., the trial court's duty, under the Evidence Code to perform that task. While certain procedures in the taking of blood or breath samples may go to the weight and credit of that evidence, the ultimate decision as to admissibility of that evidence is vested in the trial courts of this State.

HUDSON, J., SPECIALLY CONCURS

¶1 I concur in today's decision but write separately to emphasize that the misdemeanor manslaughter charge filed against Appellee alleged two alternative predicate crimes, namely, driving under the influence and reckless driving. The record shows reckless driving is potentially a viable predicate crime based on the facts shown here. Appellee apparently drove his pickup truck down a dead-end dirt road at speeds reaching between 45 and 65 miles per hour, drove up a steep embankment, flew over various obstructions and crashed into a creek bed. Earlier in the night, Appellee had been drinking beer and texting his girlfriend. The State on these facts appears to have a viable option to pursue the misdemeanor manslaughter charge against Appellee using reckless driving as a predicate crime regardless of the district court's ultimate ruling on the State's blood evidence in this case.

¶2 I observe too this Court has approved for nearly 46 years the current statutory scheme in which the Legislature has tasked the Board of Tests with promulgating rules and regulations concerning the collection and analysis of breath and blood test evidence used in DUI prosecutions. See Westerman v. State, 1974 OK CR 151, 525 P.2d 1359; Synnott v. State, 1973 OK CR 426, 515 P.2d 1154, overruled on other grounds, Harris v. State, 1989 OK CR 15, 773 P.2d 1273. Consistent with our prior decisions, we recently reaffirmed in State v. Hovet, 2016 OK CR 26, 387 P.3d 951, "[i]t is clear that law enforcement is required to rely on and comply with existing Board rules and regulations, in order to successfully use test results in prosecuting cases alleging driving under the influence." Id. at ¶ 6, 387 P.3d at 953. Nothing has changed to call into question the validity of this statutory mandate or our previous holding on this issue.

¶3 As today's decision shows, the district court retains authority under 47 O.S.2011, § 757 to admit "any other competent evidence" bearing on the question of whether the defendant was intoxicated. I therefore concur with today's decision remanding the case for further proceedings on the admissibility under Section 757 of the Kansas blood draw evidence.

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1989 OK CR 15, 773 P.2d 1273, HARRIS v. STATE
Discussed at Length
 1995 OK CR 10, 889 P.2d 319, TAYLOR v. STATE
Discussed
 1974 OK CR 151, 525 P.2d 1359, WESTERMAN v. STATE
Discussed
 2014 OK CR 14, 334 P.3d 953, STATE v. TERRY
Discussed
 2016 OK CR 26, 387 P.3d 951, STATE v. HOVET
Discussed at Length
 2018 OK CR 31, 431 P.3d 929, BENCH v. STATE
Discussed
 1973 OK CR 426, 515 P.2d 1154, SYNNOTT v. STATE
Discussed at Length
 1973 OK CR 428, 515 P.2d 1158, EDMONDSON v. STATE
Cited
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2803.1, Statements by Certain Children Regarding Physical or Sexual Abuse - Admissibility
Cited
 12 O.S. 2101, Short Title
Cited
 12 O.S. 2702, Testimony by Experts
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 711, First Degree Manslaughter
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1053, State or Municipality May Appeal in What Cases
Cited
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 751, Implied Consent to Breath, Blood, or Other Test for Determining Concentration of Alcohol or Other Intoxicating Substance
Cited
 47 O.S. 752, Procedure for Blood Tests - Authorization - Liability for Withdrawal - Reports
Cited
 47 O.S. 759, Board of Tests for Alcohol and Drug Influence - Members - Authority - Rules - Revolving Fund
Discussed
 47 O.S. 757, Other Competent Evidence - Admissibility
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA